# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAKEISHA STONE,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH LAWNDALE COLLEGE PREPERATORY CHARTER HIGH SCHOOL; BOARD OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL; JENNA CUNNINGHAM-ELDER, in her Ind Capacity as Chief Executive Officer; ERIN SIMUNOVIC, in her Ind Capacity as CEO; GARLAND LOUIS THOMAS-McDADE, in his Ind Capacity as Board Member; BRUCE MILLER, in his Ind Capacity as Board Member; ALLEN BENNETT, in his Ind Capacity as Board Member; ROBIN STEANS, in her Ind Capacity as Board Member; JIM MINIS, in his Ind Capacity as Board Member; DR. KIM HINTON, in her Ind Capacity as Board Member; WILONDA CANNON, in her Ind Capacity as Board Member; CARRIE STEWART, in her Ind Capacity as Board Member; PAYCOR, INC.; and THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,<br><br>        Defendants. | Case No. 1:24-cv-11350 |

## NOTICE OF REMOVAL

**Please take notice** that Defendant Paycor, Inc., by and through its undersigned counsel, and with the consent of Defendant the Board of Trustees of the Public School Teachers' Pension

and Retirement Fund of Chicago (the "Pension Fund"), hereby removes to this Court the state-court action described below, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

1. On June 3, 2024, Plaintiff Lakeisha Stone filed a verified complaint in the Circuit Court of Cook County, Illinois captioned *Lakeisha Stone v. North Lawndale Preperatory [sic] Charter High School et al.*, No. 2024 L 006012. On August 5—before service of the initial complaint was effected on any Defendant—Stone filed an amended complaint containing 12 counts.

2. One of the counts arises under the laws of the United States because it alleges a violation of federal law—the Age Discrimination in Employment Act.

3. A true and accurate copy of the amended state-court complaint is attached hereto as **Exhibit A**. Also attached are the exhibits to the complaint (**Exhibit B**) and the affidavits of service filed on the state-court docket for Defendants Paycor (**Exhibit C**) and the Pension Fund. (**Exhibit D**). The remaining Defendants have not yet been served.

4. A copy of the online state-court docket for this case (downloaded on November 4, 2024) is attached as **Exhibit E**.

5. The amended state-court complaint asserts claims for:

    A. **Violation of the federal Age Discrimination in Employment Act** against North Lawndale College Preparatory Charter High School ("NLCP");

    B. **Delinquent pension contributions** against NLCP, Paycor, and the individual Defendants[1];

    C. **Breach of fiduciary duties** against NLCP, the individual Defendants, and the Pension Fund;

---

[1] The amended state-court complaint uses the terms "Independent Defendants" and "Individual Defendants." It appears that these terms are meant to include Defendants Cunningham-Elder, Simunovic, Thomas-McDade, Miller, Bennett, Steans, Minis, Hinton, Cannon, and Stewart. It is unclear if these terms also include the Board of NLCP, which is separately named as a Defendant.

      D.      **Fraud** against Paycor;

      E.      **Fraud** against NLCP and the individual Defendants;

      F.      **An accounting** against NLCP, Paycor, and the Pension Fund;

      G.      **Violation of the Illinois Whistleblower Act** against NLCP and Paycor;

      H.      **Discrimination in violation of the Illinois Human Rights Act** against NLCP;

      I.      **Retaliation in violation of the Illinois Human Rights Act** against NLCP;

      J.      **Negligence** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants;

      K.      **Gross negligence** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants; and

      L.      **Breach of contract** (in the alternative to Counts VII, VIII, and IX) against NLCP.

(Ex. A, Verif. Am. Compl. ("Compl.") ¶¶ 71–172.)

    6.    The first date on which Paycor received a copy of the complaint was October 4, 2024, when it was served with copies of the summons and the amended state-court complaint. (*See* Ex. C.)

    7.    This removal is timely under 28 U.S.C. § 1446(b) because it is within 30 days of the date Paycor received the complaint and is also within 30 days of the date on which Paycor first had notice that the case was removable. *See also* Fed. R. Civ. P. 6(a)(1).

    8.    This Court has original jurisdiction over this action pursuant to the Court's federal-question jurisdiction. *See* 28 U.S.C. § 1331. This action may be removed to this Court pursuant to the provisions of § 1441 because Plaintiff asserts a federal claim.

    9.    Specifically, Count IX of the amended state-court complaint asserts a claim of discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

3

§ 621 *et seq.* (Compl. ¶¶ 137–43.)

10. The Court has supplemental jurisdiction over the remaining claims in the amended state-court complaint, as they arise out of the same case or controversy as Plaintiff's ADEA claim. *See* 28 U.S.C. § 1367(a).

11. All Defendants who have been properly joined and served at the time of the filing of this notice of removal have consented to removal, in compliance with 28 U.S.C. § 1446(b)(2)(A). The only Defendants who have been properly joined and served at the time of the filing of this notice of removal are Paycor and the Pension Fund.

12. Counsel for the Pension Fund has confirmed in writing that the Pension Fund consents to removal. (**Ex. F.**)

13. According to the state court's docket, as of the date of this filing, NLCP, its Board of Directors, and the individual Defendants have not yet been served in the state-court action. Thus, they need not join this notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A). In any event, counsel for Paycor has consulted with counsel for NLCP, its Board of Directors, and the individual Defendants, who have confirmed that they consent to the filing of this notice of removal.

14. Written notice of the filing of this notice of removal will be given to Plaintiff and the other Defendants as required by law.

15. A true and accurate copy of this notice of removal will be filed in the Clerk's Office of the Circuit Court of Cook County, Illinois.

**Wherefore**, Defendant Paycor hereby removes this action from the Circuit Court of Cook County to this Court.

| | |
|---|---|
| Date: November 4, 2024 | Respectfully submitted,<br><br>PAYCOR, INC.<br><br>/s/ *Benjamin S. Morrell*<br>Benjamin S. Morrell (ARDC No. 6341896)<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2600<br>Chicago, IL 60601<br>Tel.: (312) 527-4000<br>Fax: (312) 527-4011<br>bmorrell@taftlaw.com<br><br>*Counsel for Defendant Paycor, Inc.* |

5

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Calvita J. Frederick
CALVITA J. FREDERICK & ASSOCIATES
P.O. Box 802976
Chicago, IL 60680-2976
Tel.: (312) 421-5544
Fax: (312) 277-7190
cjf@cjfredericklaw.com
*Counsel for Plaintiff*

Joseph P. Roddy
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, IL 60611-3607
Tel.: (312) 840-7000
jroddy@burkelaw.com
*Counsel for the Pension Fund*

Jason T. Manning
Kevin P. McKeown
HODGES, LOIZZI, EISENHAMMER, RODICK & KOHN LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: November 4, 2024

/s/ *Benjamin S. Morrell*