UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEISHA STONE,<br><br>        Plaintiff,<br><br>v.<br><br>NORTH LAWNDALE COLLEGE PREPERATORY CHARTER HIGH SCHOOL; BOARD OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL; JENNA CUNNINGHAM-ELDER, in her Ind Capacity as Chief Executive Officer; ERIN SIMUNOVIC, in her Ind Capacity as CEO; GARLAND LOUIS THOMAS-McDADE, in his Ind Capacity as Board Member; BRUCE MILLER, in his Ind Capacity as Board Member; ALLEN BENNETT, in his Ind Capacity as Board Member; ROBIN STEANS, in her Ind Capacity as Board Member; JIM MINIS, in his Ind Capacity as Board Member; DR. KIM HINTON, in her Ind Capacity as Board Member; WILONDA CANNON, in her Ind Capacity as Board Member; CARRIE STEWART, in her Ind Capacity as Board Member; PAYCOR, INC.; and THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,<br><br>        Defendants. | Case No. 1:24-cv-11350<br><br>District Judge Coleman<br><br>Magistrate Judge Valdez |

**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>PAYCOR, INC.'S MOTION TO DISMISS</u>**

    Defendant Paycor moves under Fed. R. Civ. P. 12(b)(6) to dismiss all claims against it in

Plaintiff Lakeisha Stone's Verified Amended Complaint. The complaint concerns Plaintiff's

employment as a high school teacher with Defendant North Lawndale College Preparatory Charter High School ("NLCP"), alleging that she did not receive certain compensation and pension benefits she was entitled to and that NLCP terminated her employment due to age discrimination and in retaliation for engaging protected activity.

Plaintiff fails to state any viable cause of action against Paycor, a human-resources software company that provides payroll (and other) services. NLCP contracted with Paycor to use Paycor's software for NLCP's payroll needs. Paycor has no direct relationship to Plaintiff. It does not have a contract with Plaintiff. It has no obligations to Plaintiff, and owes Plaintiff no duties.

The allegations against Paycor are limited to claims that it prepared incorrect W-2 forms and other documents, failed to properly report pension contributions, and terminated Plaintiff's access to its systems. However, Paycor processed the payroll information as it was input into Paycor's software by its customer, NLCP. Paycor had no independent duty to Plaintiff and cannot be held liable for merely carrying out the payroll functions as directed by NLCP. The complaint fails to allege any facts that would show Paycor engaged in any wrongdoing or breached any duty owed to Plaintiff. Accordingly, all claims against Paycor should be dismissed with prejudice.

## BACKGROUND[1]

Plaintiff Lakeisha Stone was employed by NLCP as a high school teacher. (D.E. 1-1, Verif. Am. Compl. ("Compl.") ¶ 16.) Her employment came with a salary, pension contributions, and other benefits. (*Id.* ¶¶ 17, 27–28.) Paycor is a software company that provides payroll and human resources solutions to businesses across the country. Employees of Paycor's customers can access their payroll information, such as paystubs, through Paycor's website. NLCP is a former customer

---

[1] Paycor disputes many allegations contained in the complaint, but accepts the plausibly pleaded facts as true for purposes of this motion only.

2

of Paycor. (*See id.* ¶ 10.) During the time of their business relationship, Paycor provided onboarding services related to new NLCP employees and ongoing services related to NLCP employees' payroll and employee benefits, including pension benefits. (*Id.*) NLCP (or its employee) is responsible for inputting accurate data into Paycor's software. The complaint alleges that "NLCP utilized [Paycor's] services" to "handle all payroll functions," including:

- "choose a pay schedule";
- "determine employee pay information";
- "set up pay rates, benefits, deductions, and calculate taxes and withholdings";
- "calculate employee hours";
- "keep track of the number of hours each employee works and import timesheets if using time and attendance software";
- "review the pay run";
- "double-check the numbers, including employees' net pay and the company's total cash requirements";
- "pay taxes";
- "withhold and remit payroll taxes and federal income tax based on various factors";
- "withhold and remit other benefits, including pension funds";
- "schedule and deposit taxes on time to avoid penalties";
- "deliver pay";
- "distribute paychecks or initiate direct deposits, run reports and maintain records";
- "Keep detailed records of hours worked, overtime, and wages to comply with regulations and track payroll information"; and
- "complete year-end requirements; and at year-end, provide necessary forms to employees i.e. a W-2 Statement of Wages or a 1099-MISC)."

(*Id.* ¶ 116.)

The complaint primarily focuses on issues related to pension contributions and alleged payroll discrepancies. Plaintiff claims that her pension benefit payments were not deducted from her paycheck for 2021, were deducted but not reported for 2022, and were not paid into the relevant pension fund for either year. (*Id.* ¶ 25). She also claims that her W-2 forms for 2021, 2022, and 2023 were incorrect "because they did not report employee and employer pension contributions" and did not reflect her agreed-upon salary or actual pay. (*Id.* ¶¶ 23–24). Plaintiff does not allege that Paycor had any knowledge about her salary or pension benefits other than from data provided by NLCP.[2]

Plaintiff filed this action in the Circuit Court of Cook County, Illinois. (*See* D.E. 1-5 at 2, 9.) Before any Defendant had been served, she filed an amended complaint asserting 12 causes of action against NLCP, its Board of Directors, several individual board members and executives of NLCP (the "individual Defendants"), Paycor, and the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Pension Fund"). (*See id.* at 7.) Paycor, with the consent of the other served Defendant, removed this case to this Court on the basis of federal-question jurisdiction, as Plaintiff asserts a claim under the federal Age Discrimination in Employment Act. (D.E. 1; *see* Compl. ¶ 137–43.)

## LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citation omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling

---

[2] The complaint also includes allegations of age discrimination and retaliation, which do not involve Paycor.

4

on a motion to dismiss, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew*, 683 F.3d at 334. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*

## ARGUMENT

### I. Count I - Plaintiff lacks a legal basis under the Illinois Pension Code to sue Paycor for allegedly delinquent pension contributions.

Count I seeks "delinquent pension contributions" allegedly owed to Plaintiff. (Compl. ¶¶ 71–76.) While the heading for this claim states that it is against NLCP, Paycor, and the individual Defendants, the unnumbered paragraph detailing the relief requested related to this claim requests only "[a] judgment in Plaintiff's favor and against Defendants NLCP, all Individually named Defendants and the Pension Fund"—and not Paycor. (*Id.* at 18.) Thus, it is unclear if Plaintiff even intended to name Paycor as a Defendant for this claim. The Court should dismiss this claim against Paycor because Plaintiff requests no relief as to Paycor. *See Shelton v. Vill. of Chicago Heights*, No. 87 C 201, 1988 WL 23783, at *3 (N.D. Ill. Mar. 3, 1988) (*sua sponte* dismissing defendants from whom the plaintiff requested no relief).

Additionally, Plaintiff lacks a legal basis to assert this claim. It appears that she intends to bring this claim under Articles 1 and 17 of the Illinois Pension Code, 40 ILCS 5/1-101 *et seq.* and 40 ILCS 5/17-101 *et seq.* (*See* Compl. ¶ 1.) But neither of these articles provide any basis to maintain Count I against Paycor. Article 17 lacks any provision authorizing a private right of action, and Article 1 provides a private right of action in only three scenarios, none of which apply here.

First, a participant, beneficiary, or fiduciary may sue a "person who is a fiduciary with

5

respect to a retirement system or pension established under this Code who breaches any duty imposed upon fiduciaries by this Code." 40 ILCS 5/1-114(a); *see* 40 ILCS 5/1-115(a). Count I does not allege breach of fiduciary duty and instead seeks to recover "delinquent pension contributions." The complaint does not allege that Paycor is a fiduciary (while alleging that other Defendants are fiduciaries) and does not allege any facts indicating that Paycor would qualify as such. (*See* Compl. ¶¶ 31, 36, 75, 78, 80, 82); *see also* 40 ILCS 5/1-101.2 (defining "fiduciary"). And Plaintiff leaves Paycor out of Count II, which alleges breach of fiduciary duty under Section 1-115(a) of the Pension Code against NLCP, the individual Defendants, and the Pension Fund. (*See* Compl. ¶¶ 77–82.) Moreover, the allegations that Plaintiff does include as to Paycor—that it was a third-party vendor whose services "NLCP utilized . . . to handle all payroll functions"—further illustrates that Paycor is not a fiduciary under the Pension Code. (*Id.* ¶ 116.)

Second and third, Section 1-115(b) and (c) allow a participant, beneficiary, or fiduciary to seek equitable relief to remedy a violation of the Pension Code. 40 ILCS 5/1-115(b)–(c). But Plaintiff does not seek equitable relief against Paycor under Count I. Nor does she allege that Paycor has violated any provision of the Pension Code. As discussed above, Paycor simply processed the payroll information and instructions provided by its customer, NLCP. Paycor had no role in making decisions about Plaintiff's pension as a third-party vendor, and Plaintiff does not allege otherwise.

Because Plaintiff requests no relief as to Paycor with respect to Count I and the Pension Code does not provide any legal basis to support her claim, the Court should dismiss Plaintiff's claim against Paycor for allegedly "delinquent pension contributions."

**II.  Count III - Plaintiff fails to plead her fraud claim against Paycor with particularity.**

Count III alleges fraud against solely Paycor. (Compl. ¶¶ 83–90.) Plaintiff claims that her paystubs, W-2 forms, and reflection of pension benefits documents prepared and distributed to her

6

by Paycor contained inaccurate, false information, and that Paycor committed fraud by providing these documents to her. Plaintiff fails to plausibly allege fraud on Paycor's part.

The elements of a common law fraud claim under Illinois law are: (1) the defendant intentionally made a false statement of material fact; (2) the defendant knew the statement was false; (3) the defendant intended that the statement induce the plaintiff to act; (4) the plaintiff relied upon the truth of the statement; and (5) the plaintiff suffered damages resulting from reliance on the statement. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996); *Fox v. Heimann*, 375 Ill. App. 3d 35, 47, 872 N.E.2d 126, 138 (2007). "A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." *Connick*, 174 Ill. 2d at 496–97, 675 N.E.2d at 591. Additionally, Rule 9 requires that a plaintiff plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b).

Plaintiff fails to plead this claim with particularity. She does not identify any specific false statements made to her by Paycor. She alleges only that Paycor prepared incorrect W-2 and other forms, without detailing the exact misrepresentations on those forms or how Paycor knew they were false. The complaint also fails to provide specific dates or locations for the alleged fraudulent acts by Paycor. It broadly refers to categories of documents without pinpointing when or where the alleged fraud occurred. These generalized allegations are insufficient to meet the heightened pleading standard for fraud claims.

Beyond that, Plaintiff fails to plausibly allege that Paycor knew any allegedly fraudulent statement was false. She alleges that Paycor "knew or should have known that the paychecks

7

prepared for STONE, as well as her W-2's and pension benefits reflected in the payroll documents PAYCOR prepared for STONE were in fact, false, inaccurate and incorrect." (Compl. ¶ 88.) Illinois courts have held that this exact language is insufficient to plead fraud. In *PB Lube, Inc. v. Clean Harbors Environmental Services, Inc.*, No. 23 C 16934, 2024 WL 3328161, at *6 (N.D. Ill. July 8, 2024), the Court dismissed a fraudulent misrepresentation claim for this reason:

> "Knew or should have known," of course, is not the same as "knew." These allegations leave open the possibility that Safety-Kleen, rather than making intentionally false representations in this respect, simply "should have known" but did not, rendering the misrepresentations negligent. . . . Count II is a misrepresentation claim based on purportedly intentional fraud, but the complaint's equivocation about whether Safety-Kleen "knew" or "should have known" about the falsity of its representations further sinks Count II in view of the particularity requirement.

Similarly, in *Davis v. Nehf*, 14 Ill. App. 3d 318, 325, 302 N.E.2d 382, 388 (1973), the Illinois Appellate Court rejected that very same sort of "knew or should have known" fraud allegation, calling it "equivocal," citing the particularity requirement, and stating that "[i]t is not sufficient to allege that the party making the representation knew or should have known it to be false." Plaintiff's fraud claim against Paycor must be dismissed for this same reason, as it includes the exact same equivocal "knew or should have known" language.

Because Plaintiff fails to plead fraud with particularity and fails to plausibly allege the element of Paycor's knowledge that any alleged statement at issue was false, the Court should dismiss Count III.

**III.    Count V - Plaintiff's request for an accounting as to Paycor should be dismissed because she requests no relief against Paycor and Paycor does not control NLCP's books and records.**

Count V seeks an accounting related to NLCP's books and records. (Compl. ¶¶ 99–103.) While the heading for this claim states that it is against NLCP, Paycor, and the Pension Fund, the unnumbered paragraph detailing the relief requested related to this claim names only NLCP. (*Id.*

8

at 25.) That paragraph requests an order requiring only NLCP to allow an audit of its books and records, as well as a judgment against only NLCP. (*Id.*) And the allegations related to this claim do not mention Paycor at all. Thus, it is unclear if Plaintiff even intended to name Paycor as a Defendant for this claim. In any event, Paycor cannot provide Plaintiff with the requested relief. Paycor does not control NLCP's books and records. The Court should dismiss this claim against Paycor because Plaintiff requests no relief as to Paycor.

**IV.     Count VI - The Court should dismiss Plaintiff's claim against Paycor under the Whistleblower Act because Paycor was not her employer and did not retaliate against her.**

Count VI alleges violations of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, against NLCP and Paycor.[3] (Compl. ¶¶ 104–25.) Plaintiff claims that she submitted complaints to NLCP's management and HR department related to her compensation not being paid in accordance with her employment agreement, inaccurate W-2 forms for 2021, 2022, and 2023 received from Paycor, and pension contributions not being deducted from her paycheck or paid to the Pension Fund as required. (*Id.* ¶¶ 26–28). She alleges that NLCP and Paycor retaliated against her for making these complaints—NLCP by firing her, and Paycor by "intentionally block[ing] her access to her payroll records." (*Id.* ¶¶ 122–23.)

Plaintiff quotes portions of Sections 10, 15, and 20 of the Whistleblower Act in her complaint. (*Id.* ¶¶ 105–07.) Every requirement imposed by each of these sections applies only to "[a]n employer." Sections 15 and 20 prohibit retaliation "against an employee," while Section 10 prohibits making, adopting, or enforcing "any rule, regulation, or policy preventing an employee" from making disclosures to certain government agencies. 740 ILCS 174/10, 15, 20. The

---

[3] The Illinois General Assembly recently amended the Whistleblower Act, but the amendments do not take effect until January 1, 2025. The pre-amendment version of the Act therefore applies here.

Whistleblower Act defines "employee" as "any individual who is employed on a full-time, part-time, or contractual basis by an employer." 740 ILCS 174/5.

Plaintiff does not plausibly allege that she was an employee of Paycor. This alone requires dismissal of any claim against Paycor under the Whistleblower Act. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 385–86 (7th Cir. 2016) (holding that a Whistleblower Act claim was properly dismissed because the plaintiffs did not allege that they were the defendant's employees). Plaintiff specifically alleges under Count VI that "NLCP is an employer within the meaning of" the Whistleblower Act and includes no similar allegation as to Paycor there. (Compl. ¶ 108.) For Plaintiff's negligence claim pleaded in the alternative, she lumps Paycor in with NLCP and the individual Defendants, claiming all of them were her employers. (*Id.* ¶¶ 145–47.) But the Court is not required to accept as true this bare legal conclusion. *Twombly*, 550 U.S. at 555. Plaintiff provides no factual allegations to suggest that Paycor was her employer.[4] (*See* Argument § V, *infra*.)

Plaintiff also fails to plausibly allege that Paycor retaliated against her. To constitute retaliation, an act or omission must be "materially adverse"—that is, "one that significantly alters the terms and conditions of the employee's job." *Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 919, 936 N.E.2d 623, 640 (2010) (quoting *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004)). "Adverse employment actions include things such as hiring, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Id.* But "not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an employee did not

---

[4] If Plaintiff intends to challenge Paycor's employment practices despite never having been a Paycor employee, then she lacks Article III standing.

like would form the basis of a discrimination suit.'" *Id.* (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)). A "mere inconvenience" does not count. *Id.* (citation omitted).

Plaintiff alleges that Paycor took a materially adverse employment action against her by "intentionally block[ing] her access to her payroll records." (Compl. ¶ 123.) This does not come close to significantly altering the terms and conditions of employment. Plaintiff does not claim that she lost any material benefits or that her employment changed at all as a result of this alleged act by Paycor. Indeed, Paycor did not have the power to significantly alter the terms and conditions of Plaintiff's employment because Paycor was not her employer. At best, Plaintiff alleges "petty harassment," which is not actionable under the Whistleblower Act. *See Elue v. City of Chicago*, No. 16 CV 09564, 2017 WL 2653082, at *6 (N.D. Ill. June 20, 2017) (citation omitted).

Because Plaintiff does not plausibly allege that Paycor was her employer or that it took a materially adverse action against her, the Court should dismiss her claim under the Whistleblower Act against Paycor.

**V.     Count X – Plaintiff fails to state a claim of negligence against Paycor.**

Count X alleges negligence against NLCP, Paycor, and the individual Defendants, and makes clear it is pleaded in the alternative to Counts VII, VIII, and IX. (Compl. ¶¶ 144–50.) However, Paycor is not named as a Defendant in any of Counts VII, VIII, or IX—which allege age discrimination and retaliation for making complaints related to discrimination and harassment based on age. (*Id.* ¶¶ 126–43.) Thus, it is unclear if Plaintiff even intended to name Paycor as a Defendant for this claim. The Court should dismiss this claim against Paycor because Plaintiff requests no primary relief from Paycor that would make the relief requested here "alternative."

Plaintiff also fails to state a claim of negligence against Paycor. To properly plead negligence under Illinois law, a plaintiff must allege facts sufficient to establish (1) the defendant owed a duty

of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injuries. *Behrens v. Harrah's Ill. Corp.*, 366 Ill. App. 3d 1154, 1156, 852 N.E.2d 553, 555 (2006).

Plaintiff alleges that Paycor owed her a duty of care based solely on her contention that she and Paycor "were employee and employer." (Compl. ¶ 145; *see id.* ¶¶ 146–47.) However, as discussed above, the Court is not required to accept this bare legal conclusion as true because Plaintiff alleges no facts to support it. *Twombly*, 550 U.S. at 555. "[C]ourts apply a common law test based on agency principles to determine whether a defendant is an employer of the plaintiff." *Daniel v. Sargent & Lundy, LLC*, No. 09 C 7206, 2012 WL 874419, at *5 (N.D. Ill. Mar. 14, 2012).

> The test requires a court to consider five factors: (1) the extent of the employer's control and supervision over the worker, (2) the kind of occupation and nature of skill required, (3) which party has responsibility for the costs of operation, such as the provision of equipment and supplies and the maintenance of the workplace, (4) the source of payment and benefits and (5) the duration of the job. Of these factors, the extent of control and supervision over the worker is the most significant in determining the employment status.

*Id.* (cleaned up).

Plaintiff does not allege that Paycor had any right to control the manner and method in which she performed her work as a high school teacher. Nor does she allege any other facts that would suggest Paycor was her employer under this test. Rather, the complaint shows that Plaintiff was a high school teacher employed by a high school. She alleges that NLCP "utilized the payroll services of PAYCOR, to handle all payroll functions" and services related to "employee benefits, including health and life insurance as well as pension benefits." (Compl. ¶¶ 10, 116.) This shows that Paycor was a third-party payroll processor, not Plaintiff's employer. Because Plaintiff fails to plausibly allege that she was a Paycor employee—and she does not allege any other direct relationship between her and Paycor that would give rise to a duty of care—her negligence claim should

12

be dismissed for failure to plead this essential element.

Plaintiff fails to allege breach of any duty by Paycor as well. She claims that Paycor and the other Defendants failed to pay her in the correct amount and failed to "properly report earnings, withholdings and deductions and to provide a correct and timely W-2 Statement of Earnings." (*Id.* ¶ 148.) However, Plaintiff does not allege how Paycor breached any duty in preparing these forms, especially given that Paycor, as a third-party payroll processor, would have relied on information provided by NLCP. Indeed, Plaintiff characterizes NLCP as the one that "handled all payroll functions" and "utilized" Paycor's services to do so. (*Id.* ¶ 116.) Without specific allegations of how Paycor's conduct fell below the applicable standard of care, Plaintiff fails to allege breach of any duty.

Finally, Plaintiff's negligence claim fails because she has not pleaded facts showing that any alleged action by Paycor proximately caused her claimed damages. The complaint is devoid of any specific allegations linking Paycor's preparation of W-2 forms to Plaintiff's claimed injuries. Instead, Plaintiff's claimed damages appear to stem from NLCP's alleged failure to pay her agreed-upon salary and make required pension contributions—actions that are not attributable to Paycor as a third-party payroll processor. For all of these reasons, the Court should dismiss Plaintiff's negligence claim against Paycor for failure to state a claim.

## VI. Count XI - Plaintiff's willful and wanton conduct claim fails for the same reasons.

Count XI alleges willful and wanton conduct against NLCP, Paycor, and the individual Defendants, and makes clear it is pleaded in the alternative to Counts VII, VIII, and IX. (Compl. ¶¶ 151–60.) However, Paycor is not named as a Defendant in any of those counts. (*Id.* ¶¶ 126–43.) The Court should dismiss this claim against Paycor because Plaintiff requests no primary relief from Paycor that would make the relief requested here "alternative."

13

Plaintiff also fails to state a claim of willful and wanton conduct against Paycor. Under Illinois law, willful and wanton conduct is not a separate tort but rather a species of negligence. *W. Bend Mut. Ins. Co. v. Cmty. Unit Sch. Dist. 300*, 2021 IL App (2d) 210108, ¶ 38, 193 N.E.3d 266, 276. To plead a claim for willful and wanton conduct, a plaintiff must allege the elements of ordinary negligence and also "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Id.* at 277 (citation omitted). Thus, "there are two varieties of willful and wanton conduct, intentional and reckless." *Id.* (citation omitted). The heading for Count XI makes clear that Plaintiff alleges "intentional" willful and wanton conduct here. (Compl. at 35.) Because Plaintiff's negligence claim fails for the reasons discussed above, her claim for willful and wanton conduct against Paycor must fail too.

Beyond that, Plaintiff fails to allege conduct by Paycor that qualifies as "willful and wanton." "Willful and wanton misconduct must be manifested by the facts alleged in the complaint," and a plaintiff's mere "characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss." *Cipolla v. Bloom Twp. High Sch. Dist. No. 206*, 69 Ill. App. 3d 434, 437, 388 N.E.2d 31, 34 (1979). "Willful and wanton misconduct requires a conscious disregard for the safety of others." *Majewski v. Chi. Park Dist.*, 177 Ill. App. 3d 337, 340, 532 N.E.2d 409, 411 (1988).

Plaintiff's only allegations here are that Paycor "fail[ed] and refuse[d] to correct the incorrect W-2 Statement of Earnings after being informed of the problems with the documents they produced" and "subsequently cut STONE'S access to their [sic] system." (Compl. ¶ 155.) This is not egregious enough to qualify as willful and wanton. Moreover, Plaintiff does not plead facts showing *how* Paycor knew or should have known the information in the documents it provided were

14

incorrect, which is required to show conscious disregard. *See Majewski*, 177 Ill. App. 3d at 341, 532 N.E.2d at 411. Plaintiff never claims that she had any direct communications with Paycor or identifies who informed it of the alleged "problems with the documents they [sic] produced." (Compl. ¶ 155.) As such, this claim against Paycor should be dismissed as well.

**VII. To the extent Plaintiff intends to assert a claim under the Wage Act, it should be dismissed.**

The first paragraph of the complaint states that Plaintiff brings a claim under the Illinois Wage Payment and Collection Act (the "Wage Act"), 820 ILCS 115/1 *et seq.* (Compl. ¶ 1.) However, Plaintiff includes no allegations related to this claim and does not list it as a count in the complaint. Thus, it is unclear whether Plaintiff intends to assert a claim under the Wage Act at all. If she does, the Court should dismiss it for failure to state a claim.

## CONCLUSION

Paycor is a third-party payroll processor. It does not belong in this lawsuit brought by a teacher against the school that employed her. Plaintiff's scattershot approach to pleading cannot transform Paycor's ministerial functions as a software vendor—performed using information provided to it by NLCP—into actionable misconduct. For the reasons discussed above, the Court should grant Paycor's motion and dismiss it from this case.

Date: November 12, 2024

Respectfully Submitted,

PAYCOR, INC.

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000

15

Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Calvita J. Frederick
Calvita J. Frederick & Associates
P.O. Box 802976
Chicago, IL 60680-2976
Tel.: (312) 421-5544
Fax: (312) 277-7190
cjf@cjfredericklaw.com
*Counsel for Plaintiff*

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: November 12, 2024

/s/ Benjamin S. Morrell