# Exhibit A

Case: 1:24-cv-11350 Document #: 7-2 Filed: 11/12/24 Page 2 of 4 PageID #:125

Shelton v. Village of Chicago Heights, Not Reported in F.Supp. (1988)
1988 WL 23783

1988 WL 23783
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.

Griffin SHELTON, Plaintiff,
v.
VILLAGE OF CHICAGO HEIGHTS, Officer M. Camilli, Officer A. Bartolomei, Captain Malinski, Lieutenant Sam Mangialardi, Commissioner John Gliottonis, and Police Chief Douglas Barger, Defendants.

No. 87 C 201.
|
March 3, 1988.

*MEMORANDUM OPINION AND ORDER*

NORDBERG, District Judge.

 **\*1** Plaintiff has filed a two-count amended complaint under 42 U.S.C. § 1983 against the Village of Chicago Heights, its Commissioner, its Police Chief, and several of its police officers. Defendants filed a motion to dismiss both counts of the amended complaint, and the Court referred the motion to a Magistrate for a Report and Recommendation. The Magistrate recommended that the Court stay Count I and deny the motion to dismiss Count II. Both parties have filed objections. For the following reasons, the Court declines to adopt the Report and Recommendation, and dismisses plaintiff's amended complaint with leave to file a second amended complaint within twenty-one days from the date of this order.

*Motion to Dismiss*

On a motion to dismiss, the Court must accept all well pleaded facts as true, and must draw all reasonable inferences in a light most favorable to the plaintiff. *City of Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976). A complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory." *Carl Sandburg Village Condominiums Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985), and the Court need not strain to find inferences available to the plaintiff not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir.1977).

The factual allegations in plaintiff's amended complaint are set forth in the Magistrate's Report and Recommendation and will not be repeated herein. In Count I, plaintiff seeks compensatory and punitive damages against two Village of Chicago Heights police officers, officers Camilli and Bartolomei, for searching and arresting him without probable cause (false arrest claim), and for using excessive force in the arrest (excessive force claim). In Count II, plaintiff seeks compensatory damages against the Village of Chicago Heights for having a policy or custom that causes police officers to use excessive force in arrest, and for having a policy or custom that causes police officers to refuse to permit the filing of police brutality complaints. Plaintiff has not requested relief from any of the other defendants joined in the amended complaint.

As to Count I, the Magistrate focused on plaintiff's false arrest claim and did not discuss the excessive force claim. The Magistrate noted that (1) plaintiff's false arrest claim was based on his January 9, 1985 arrest for disorderly conduct and resisting arrest; (2) plaintiff was convicted in an Illinois state court jury trial of these charges; (3) plaintiff and defendants agree that a final judgment of conviction will collaterally estop plaintiff from bringing a false arrest claim under 42 U.S.C. § 1983; and (4) the conviction is not yet final because it is on appeal. Because the conviction is not yet final, the Magistrate recommended staying Count I pending the outcome of the state court appeal.

Neither party has objected to staying plaintiff's false arrest claim in Count I, but plaintiff argues that the stay should apply only to the false arrest claim and not to the excessive force claim. The Court agrees. If the state appellate court affirms the judgment of conviction, the judgment will have preclusive effect on plaintiff's 42 U.S.C. § 1983 false arrest claim but not on his excessive force claim. *See Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987) (applying a Fourth Amendment objective reasonableness standard to excessive force claims). Accordingly, the Court rules that plaintiff's false arrest claim of Count I is stayed pending the outcome of the state court criminal appeal, and the excessive force claim is not stayed and discovery will proceed on this claim.

 **\*2** As to Count II, the Magistrate focused on plaintiff's claim that the Village of Chicago Heights had a policy or custom that caused police officers to refuse to permit the

Case: 1:24-cv-11350 Document #: 7-2 Filed: 11/12/24 Page 3 of 4 PageID #:126

Shelton v. Village of Chicago Heights, Not Reported in F.Supp. (1988)
1988 WL 23783

filing of police brutality complaints, but did not address plaintiff's claim that the Village of Chicago Heights had a policy or custom that caused the police officers to use excessive force in arrest. The Magistrate correctly noted that, to establish municipal liability under 42 U.S.C. § 1983, plaintiff must allege sufficient facts "to support his allegation that a municipal policy [or custom] exists that could have caused his injury." *Strauss v. City of Chicago,* 760 F.2d 765, 769 (7th Cir.1985); *id.* at 770 ("Because a municipality can be liable only for its regular procedures, not for the isolated independent tort of an individual employee, some fact indicating such procedures must appear in the complaint."); *see Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978).

Addressing the claim concerning the police officers' refusal to permit the filing of police brutality complaints, the Magistrate found that plaintiff alleged a fault by the Village of Chicago Heights that was "systemic in nature," and that this fault implicates the Village of Chicago Heights. All plaintiff has alleged, however, is that he went twice to the Village of Chicago Heights police department to file a complaint and on each occasion the captain of the department refused to accept the complaint, and that other individuals have been unsuccessful in their attempts to file police brutality complaints. Amended Complaint ¶¶ 18 and 19. The Court finds that these allegations are insufficient to state a cause of action for municipality liability under 42 U.S.C. § 1983.

Plaintiff cannot simply allege his isolated incident to create an inference that official policy or custom caused his injury, nor can he simply make conclusory allegations that other individuals have experienced similar incidents. What particular allegations are sufficient, of course, depend on the facts in each case. There is no exact formula. However, as stated in *Zwarton v. City of Chicago,* 625 F.Supp. 1211 (N.D.Ill.1985):

Municipalities have been put to great expense in defending against such complaints only to be granted summary judgment at the close of discovery. The better and fairer practice is to require plaintiffs to allege specific facts which show the existence of a custom. If they do not have those facts, they should not join the City as a defendant....

**\*3** ... Plaintiff might be able to allege a sufficient number of specific similar incidents to justify the inference that the municipality had approved of the practice. There could be statistical facts which strongly imply a policy or custom.... Conceivably, a single incident, the very one complained of, could occur under circumstances warranting an inference of official approval; but those circumstances would have to be plead with particularity.

*Id.* at 1212.

Plaintiff has also failed to allege specific facts to establish municipal liability on his other claim in Count II. In this claim, the claim that the Village of Chicago Heights has a policy or custom that causes its police officers to use excessive force, plaintiff has simply alleged that police officials "had knowledge of ... past practices and police methods of using excessive force ...". Amended Complaint ¶ 20. Again, this general and conclusory allegation is insufficient to justify an inference that the Village of Chicago Heights approved of its police officers using excessive force.

As a final matter, the Court notes that plaintiff has requested relief against police officers Camilli and Bartolomei in Count I and the Village of Chicago Heights in Count II. Plaintiff has not requested relief against the other defendants, Captain Malinski, Lieutenant Sam Mangialardi, Commissioner Gliottonis, and Police Chief Barger. Because plaintiff requests no relief from these defendants, the Court *sua sponte* dismisses them from the complaint.

III. *Conclusion*

For the reasons discussed, the Court rules that, as to Count I, plaintiff's false arrest claim is stayed pending the outcome of the state court appeal and that plaintiff's excessive force claim is not stayed. As to Count II, the Court rules that plaintiff has failed to sufficiently allege specific facts to give rise to municipal liability under 42 U.S.C. § 1983, and the Court therefore dismisses the action against the Village of Chicago Heights for failure to state a claim. Finally, the Court dismisses the action against defendants Malinski, Mangliardi, Glittonis, and Barger because plaintiff has not requested any relief from these defendants. The Court grants plaintiff twenty-one days from the date of this Order to file a second amended complaint that includes claims for relief against all named defendants, and that includes the Village of Chicago Heights if plaintiff is able to allege specific facts to show that his injuries were the result of an official policy or custom. Defendants shall have twenty-one days from the filing of the second amended complaint to answer or otherwise plead.

**Shelton v. Village of Chicago Heights, Not Reported in F.Supp. (1988)**
1988 WL 23783

Case: 1:24-cv-11350 Document #: 7-2 Filed: 11/12/24 Page 4 of 4 PageID #:127

**All Citations**

Not Reported in F.Supp., 1988 WL 23783

---

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.