# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAKEISHA STONE,<br><br>   Plaintiff,<br><br>v.<br><br>NORTH LAWNDALE COLLEGE PREPERATORY CHARTER HIGH SCHOOL, et al.,<br><br>   Defendants. | Case No. 1:24-cv-11350<br><br>District Judge Coleman<br><br>Magistrate Judge Valdez |

## JOINT INITIAL STATUS REPORT

Defendant the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Pension Fund"), Defendant Paycor, Inc., and Plaintiff Lakeisha Stone,[1] by and through their respective undersigned counsel, submit this joint initial status report pursuant to the Court's November 5, 2024 order and the Court's standing order on Initial Status Conferences.

**I. Nature of the Case**

 **A. Identify the attorneys of record for each party, including the lead trial attorney.**

Jessica G. Brown represents Plaintiff Lakeisha Stone.

Joseph P. Roddy of Burke, Warren, MacKay & Serritella, P.C. represents the Pension Fund.

Benjamin S. Morrell of Taft Stettinius & Hollister LLP represents Defendant Paycor.

---

[1] The remaining Defendants have not yet been served.

**B. Describe the nature of the claims asserted in the complaint and any counter-claims.**

Plaintiff asserts the following claims in the amended complaint filed in the Circuit Court of Cook County (and subsequently removed to this Court):

- **Violation of the federal Age Discrimination in Employment Act** against North Lawndale College Preparatory Charter High School ("NLCP");

- **Delinquent pension contributions** against NLCP, Paycor, Inc., and the individual Defendants[2];

- **Breach of fiduciary duties** against NLCP, the individual Defendants, and the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Pension Fund");

- **Fraud** against Paycor;

- **Fraud** against NLCP and the individual Defendants;

- **An accounting** against NLCP, Paycor, and the Pension Fund;

- **Violation of the Illinois Whistleblower Act** against NLCP and Paycor;

- **Discrimination in violation of the Illinois Human Rights Act** against NLCP;

- **Retaliation in violation of the Illinois Human Rights Act** against NLCP;

- **Negligence** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants;

- **Willful and wanton conduct** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants; and

- **Breach of contract** (in the alternative to Counts VII, VIII, and IX) against NLCP.

(Verif. Am. Compl. ("Compl."), D.E. 1-1, ¶¶ 71–172.)

No Defendant has yet filed any counterclaims.

---

[2] The amended complaint uses the term "Individual Defendants." It appears this term is meant to include Defendants Cunningham-Elder, Simunovic, Thomas-McDade, Miller, Bennett, Steans, Minis, Hinton, Cannon, and Stewart. It is unclear if this term also includes the Board of NLCP, which is separately named as a Defendant.

C. **Briefly state the major legal and factual issues in the case.**

The complaint primarily focuses on issues related to pension contributions and alleged payroll discrepancies related to Plaintiff's employment with NLCP. Plaintiff claims that her pension benefit payments were not deducted from her paycheck for 2021, were deducted but not reported for 2022, and were not paid into the relevant pension fund for either year. (Compl. ¶ 25). She also claims that her W-2 forms for 2021, 2022, and 2023 were incorrect "because they did not report employee and employer pension contributions" and did not reflect her agreed-upon salary or actual pay. (*Id.* ¶¶ 23–24). The complaint also includes allegations of age discrimination and retaliation related to Plaintiff's employment with NLCP. (*Id.* ¶¶ 126–43).

D. **Describe the relief sought by the plaintiff(s).**

Each count of the amended complaint contains a separate request for relief, including requests for damages and equitable relief. (*See id.* ¶¶ 71–172.)

E. **Describe the general status of the case.**

This case was recently removed to this Court from the Circuit Court of Cook County. (D.E. 1.) Defendants Paycor and the Pension Fund were served before removal. Paycor has moved to dismiss all claims against it for failure to state a claim upon which relief can be granted. (D.E. 7.) The motion is not yet fully briefed, as new counsel for Plaintiff filed an appearance on December 20, 2024, and successfully sought an extension of time to file a response to the motion.

Plaintiff's position: Based upon representations made in the Notice of Removal and other pleadings, Plaintiff relies upon the representation that Jason T. Manning and Kevin McKeown of Hodges, Loizzi, Eisenhammer, Rodick & Kohn, LLP, represent the remaining Defendants, NLCP, Board of Directors of NLCP and all individually named defendants, and no further service is required. Defendants' counsel does need to file his Appearance to so reflect the representation of

the remaining Defendants.

Defendants' position: The remaining Defendants (NLCP, the Board of NLCP, Cunningham-Elder, Simunovic, Thomas-McDade, Miller, Bennett, Steans, Minis, Hinton, Cannon, and Stewart) have not yet been served.

II. **Pending Motions**

    A. **Identify any pending motions.**

Defendant Paycor has filed a motion to dismiss for failure to state a claim. (D.E. 7.)

    B. **Indicate any previously set deadlines.**

Plaintiff's deadline to file a response to Paycor's motion to dismiss is January 10, 2024, and Paycor's deadline to file a reply is January 24. (*See* D.E. 13.)

III. **Proposed Discovery Schedule**

The parties respectfully request that the Court stay this requirement until such time as Paycor's pending motion to dismiss is resolved, and then direct the parties to meet and confer on these issues and submit a proposed discovery and a case management plan at that time.

IV. **Trial**

    A. **Indicate whether a jury trial is requested.**

Plaintiff's position: Plaintiff has made a Jury Demand.

Defendants' position: The amended complaint does not contain a jury demand. However, the state-court docket states "Fraud - Jury" under "Case Type," and the docket entry for Plaintiff's initial complaint states "**Desc:** (Jury Demand)." (D.E. 1-5 at 1, 9.) Thus, it is unclear whether there has been a jury demand.

    B. **The probable length of trial.**

Between five and seven days.

V. **Status of Settlement Discussions**

    A. **Indicate the status of any settlement discussions.**

The parties have not engaged in settlement discussions.

    B. **Whether the parties request a settlement conference**

The parties do not request a settlement conference at this time.

    C. **Whether the parties are interested in pursuing arbitration or mediation**

The parties are not interested in pursuing arbitration or mediation at this time.

VI. **Consent to Proceed Before the Magistrate Judge**

    A. **The parties are reminded that they may consent to proceed before a Magistrate Judge for all purposes pursuant to Federal Rule of Civil Procedure 73.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

Date: January 3, 2025

Respectfully Submitted,

| LAKEISHA STONE | PAYCOR, INC. |
|---|---|
| /s/ *Jessica G. Brown* | /s/ *Benjamin S. Morrell* |
| Jessica G. Brown (ARDC #: 6307684) | Benjamin S. Morrell (ARDC No. 6341896) |
| P.O. Box 802945 | TAFT STETTINIUS & HOLLISTER LLP |
| Chicago, IL 60680-2976 | 111 East Wacker Drive, Suite 2600 |
| (773) 426-4749 | Chicago, IL 60601 |
| Jessbrown407@yahoo.com | Telephone: (312) 527-4000 |
| *Counsel for Plaintiff* | Facsimile: (312) 527-4011 |
| | bmorrell@taftlaw.com |
| | *Counsel for Defendant Paycor, Inc.* |

THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO

/s/ *Joseph P. Roddy*

>Joseph P. Roddy
>Burke, Warren, MacKay &
>Serritella, P.C.
>330 North Wabash Avenue, Suite 2100
>Chicago, IL 60611-3607
>Tel.: (312) 840-7000
>jroddy@burkelaw.com
>*Counsel for the Pension Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: January 3, 2025

/s/ *Benjamin S. Morrell*
