UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEISHA STONE, <br><br> Plaintiff, <br><br> v. <br><br> NORTH LAWNDALE COLLEGE PREPERATORY CHARTER HIGH SCHOOL; BOARD OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL; JENNA CUNNINGHAM-ELDER, in her Ind Capacity as Chief Executive Officer; ERIN SIMUNOVIC, in her Ind Capacity as CEO; GARLAND LOUIS THOMAS-McDADE, in his Ind Capacity as Board Member; BRUCE MILLER, in his Ind Capacity as Board Member; ALLEN BENNETT, in his Ind Capacity as Board Member; ROBIN STEANS, in her Ind Capacity as Board Member; JIM MINIS, in his Ind Capacity as Board Member; DR. KIM HINTON, in her Ind Capacity as Board Member; WILONDA CANNON, in her Ind Capacity as Board Member; CARRIE STEWART, in her Ind Capacity as Board Member; PAYCOR, INC.; and THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, <br><br> Defendants. | Case No. 1:24-cv-11350 <br><br> District Judge Coleman <br><br> Magistrate Judge Valdez |

**DEFENDANT PAYCOR, INC.'S MOTION TO DISMISS
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendant Paycor, Inc., by and through its undersigned counsel, moves to dismiss Plaintiff's claims against it in the Second Amended Complaint for failure to state a claim upon which

relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Paycor states as follows:

1. Plaintiff's claim for delinquent pension contributions (Count I) against Paycor should be dismissed because Plaintiff lacks a legal basis under the Illinois Pension Code to maintain this claim against Paycor, and Plaintiff does not plausibly allege that Paycor has violated any provision of the Pension Code.

2. Plaintiff's claim for breach of fiduciary duty (Count II) against Paycor should be dismissed because Plaintiff fails to plausibly allege that Paycor qualifies as a "fiduciary" under the Pension Code.

3. Plaintiff's fraud claim (Count III) against Paycor should be dismissed because Plaintiff fails to plead it with particularity and fails to plausibly allege the elements of reliance and damages, as Plaintiff admits that that she knew the alleged statements were false.

4. Plaintiff's claim requesting an accounting (Count V) against Paycor should be dismissed because Plaintiff lacks a legal basis to maintain this claim against Paycor, and because Paycor does not control NLCP's books and records.

5. Plaintiff's claim under the Illinois Whistleblower Act (Count VI) against Paycor should be dismissed because Plaintiff fails to plausibly allege several essential elements, including that Paycor was her employer or that it took a materially adverse action against her.

6. Plaintiff's claim for negligence (Count XIII) against Paycor should be dismissed because Plaintiff fails to plausibly allege that Paycor, a third-party payroll processor, owed her a duty of care. Plaintiff also fails to sufficiently plead the elements of breach and proximate cause.

7. Plaintiff's claim for willful and wanton conduct (Count XIV) against Paycor should

be dismissed for the same reasons as Count XIII, and because she fails to plausibly allege that Paycor engaged in sufficiently egregious conduct or consciously disregarded the safety of others.

8. To the extent Plaintiff intends to assert a claim under the Illinois Wage Payment and Collection Act, it should be dismissed because Plaintiff includes no allegations related to this claim in her complaint.

9. In further support of this motion, Paycor submits the attached memorandum of law, as well as a copy of each authority cited therein that is published only on electronic databases, such as Westlaw and Lexis, pursuant to the Court's standing order on "Memorandum of Law Requirements."

10. Paycor shall deliver to the Court within 24 hours of filing this motion courtesy copies of this motion and all supporting documents, pursuant to the Court's standing order on "Courtesy Copies."

11. Because the Court has already set a briefing schedule for this motion, Paycor has not noticed it for presentment, pursuant to the Court's standing order on "Motion Practice."

For these reasons, discussed more fully in the accompanying memorandum of law, Paycor respectfully requests that the Court grant its motion and dismiss with prejudice all of Plaintiff's claims against Paycor.

Date: February 10, 2025

Respectfully Submitted,

PAYCOR, INC.

/s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600

3

Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via email to:

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: February 10, 2025

/s/ *Benjamin S. Morrell*