# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAKEISHA STONE,

                Plaintiff,

v.

NORTH LAWNDALE COLLEGE
PREPERATORY CHARTER HIGH
SCHOOL; BOARD OF DIRECTORS
OF NORTH LAWNDALE COLLEGE
PREPARATORY CHARTER HIGH
SCHOOL; JENNA CUNNINGHAM-
ELDER, in her Ind Capacity as Chief Execu-
tive Officer; ERIN SIMUNOVIC, in her
Ind Capacity as CEO; GARLAND LOUIS
THOMAS-McDADE, in his Ind Capacity
as Board Member; BRUCE MILLER, in his
Ind Capacity as Board Member; ALLEN
BENNETT, in his Ind Capacity as Board
Member; ROBIN STEANS, in her Ind Ca-
pacity as Board Member; JIM MINIS, in his
Ind Capacity as Board Member; DR. KIM
HINTON, in her Ind Capacity as Board
Member; WILONDA CANNON, in her
Ind Capacity as Board Member; CARRIE
STEWART, in her Ind Capacity as Board
Member; PAYCOR, INC.; and THE
BOARD OF TRUSTEES OF THE
PUBLIC SCHOOL TEACHERS' PEN-
SION AND RETIREMENT FUND OF
CHICAGO,

                Defendants.

Case No. 1:24-cv-11350

District Judge Coleman

Magistrate Judge Valdez

## MEMORANDUM IN SUPPORT OF DEFENDANT PAYCOR, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ...................................................................................................... iii

Introduction ....................................................................................................................1

Background ..................................................................................................................... 2

Legal Standard ............................................................................................................... 4

Argument ........................................................................................................................ 4

I.      Count I - Plaintiff lacks a legal basis under the Illinois Pension Code to sue Paycor for allegedly delinquent pension contributions........................................................... 4

II.     Count II – Plaintiff's claim for breach of fiduciary duty fails because Paycor is not a fiduciary under the Pension Code Argument........................................................................ 6

III.    Count III - Plaintiff fails to plead her fraud claim against Paycor with particularity and fails to plausibly allege two essential elements Argument .................................. 9

IV.    Count V - Plaintiff's request for an accounting as to Paycor should be dismissed because Paycor does not control NLCP's books and records Argument ............................ 11

V.     Count VI - The Court should dismiss Plaintiff's claims against Paycor under the Whistleblower Act ...............................................................................................................12

        A.      Paycor was not Plaintiff's employer.....................................................................12

        B.      Paycor did not take a material adverse action against Plaintiff ..............................14

        C.      Plaintiff's Whistleblower Act claims fail for additional reasons ...........................14

VI.    Count XIII – Plaintiff fails to state a claim of negligence against Paycor .........................16

VII.   Count XIV - Plaintiff's willful and wanton conduct claim fails for the same (and additional) reasons ........................................................................................................17

VIII.  To the extent Plaintiff intends to assert a claim under the Wage Act, it should be dismissed ...................................................................................................................19

Conclusion .....................................................................................................................19

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agnew v. Nat'l Collegiate Athletic Ass'n*,
   683 F.3d 328 (7th Cir. 2012) ............................................................................. 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 4

*Atkins v. City of Chicago*,
   631 F.3d 823 (7th Cir. 2011) ................................................................... 9, 14, 17

*Behrens v. Harrah's Ill. Corp.*,
   366 Ill. App. 3d 1154; 852 N.E.2d 553 (2006) .......................................... 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................. *passim*

*Cipolla v. Bloom Twp. High Sch. Dist. No. 206*,
   69 Ill. App. 3d 434, 388 N.E.2d 31 (1979) ............................................... 18

*Conner v. Ill. Bell Tel. Co.*,
   120 Ill. App. 2d 124, 256 N.E.2d 41 (Ill. App. Ct. 1970) ......................... 11

*Connick v. Suzuki Motor Co.*,
   174 Ill. 2d 482, 675 N.E.2d 584 (1996) ............................................... 9, 10

*Cox v. Ret. Bd. of Cty. Emps.*,
   No. 14-CV-10456, 2021 WL 2186178 (N.D. Ill. May 29, 2021) ............... 5, 9

*Elue v. City of Chicago*,
   No. 16-CV-09564, 2017 WL 2653082 (N.D. Ill. June 20, 2017) ............... 14

*Fox v. Heimann*,
   375 Ill. App. 3d 35, 872 N.E.2d 126 (2007) ............................................... 9

*Griffin v. Potter*,
   356 F.3d 824 (7th Cir. 2004) ................................................................... 14

*Ma v. CVS Pharmacy, Inc.*,
   No. 19-CV-3367, 2020 WL 533702 (N.D. Ill. Feb. 3, 2020) ..................... 10

*Ma v. CVS Pharmacy, Inc.*,
   833 F. App'x 10 (7th Cir. 2020) ............................................................... 10

iii

*Majewski v. Chi. Park Dist.*,
    177 Ill. App. 3d 337, 532 N.E.2d 409 (1988) .................................................................. 18, 19

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*,
    299 F.3d 643 (7th Cir. 2002) .................................................................................................. 5

*Miller v. Howell*,
    2 Ill. 499 (1838) .................................................................................................................... 11

*Owen v. Bd. of Educ. of Urbana Sch. Dist. #116*,
    No. 20-CV-2010, 2020 WL 12813968 (C.D. Ill. Sept. 3, 2020) ........................................ 15

*Owens v. Dep't of Human Rights*,
    403 Ill. App. 3d 899, 936 N.E.2d 623 (2010) .................................................................... 14

*Ryan v. City of Chicago*,
    274 Ill. App. 3d 913, 654 N.E.2d 483 (1995) ...................................................................... 9

*Smart v. Ball State Univ.*,
    89 F.3d 437 (7th Cir. 1996) ................................................................................................. 14

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) .............................................................................................................. 14

*Sweeney v. City of Decatur*,
    2017 IL App 1604, 79 N.E.3d 184 (2017) .......................................................................... 15

*Volling v. Kurtz Paramedic Servs., Inc.*,
    840 F.3d 378 (7th Cir. 2016) ............................................................................................... 13

*W. Bend Mut. Ins. Co. v. Cmty. Unit Sch. Dist. 300*,
    2021 IL App 2101, 193 N.E.3d 266 (2021) ........................................................................ 18

**Statutes**

40 ILCS 5/1-101 ........................................................................................................................... 5

40 ILCS 5/17-101 ......................................................................................................................... 5

40 ILCS 5/1-114 .................................................................................................................... 5, 7, 9

40 ILCS 5/1-115 ....................................................................................................................... 5, 7

40 ILCS 5/17-132 .................................................................................................................. 6, 7, 8

40 ILCS 5/1-101.2 ........................................................................................................................ 7

40 ILCS 5/17-105.1 ............................................................................................................... 8

740 ILCS 174/1 ...................................................................................................................... 12

740 ILCS 174/10 ...............................................................................................................13, 15

740 ILCS 174/15 ...............................................................................................................13, 15

740 ILCS 174/20 ...............................................................................................................13, 15

740 ILCS 174/5 ..................................................................................................................... 13

820 ILCS 115/1 ..................................................................................................................... 19

40 ILCS 5/8-110 ..................................................................................................................... 8

40 ILCS 5/12-120 ................................................................................................................... 8

40 ILCS 5/11-107 ................................................................................................................... 8

40 ILCS 5/15-106 ................................................................................................................... 8

40 ILCS 5/18-107 ................................................................................................................... 8

40 ILCS 5/20-105 ................................................................................................................... 8

**Federal Rules**

Fed. R. Civ. P. 9 ................................................................................................................... 10

Fed. R. Civ. P. 12 ................................................................................................................... 1

**INTRODUCTION**

Defendant Paycor moves under Fed. R. Civ. P. 12(b)(6) to dismiss all claims against it in Plaintiff Lakeisha Stone's Verified Second Amended Complaint. This version of the complaint attempts to plead around the flaws inherent in Plaintiff's claims against Paycor. (*See* D.E. 7-1.) It is unsuccessful. Paycor is a human-resources software company that provides payroll (and other) services. Defendant North Lawndale College Preparatory Charter High School ("NLCP") contracted with Paycor to use Paycor's software for NLCP's payroll needs. Paycor processes data and information input into its system by NLCP, and relies on NLCP for the data's accuracy. Paycor has no direct relationship to Plaintiff. It does not have a contract with Plaintiff. It has no obligations to Plaintiff, and owes Plaintiff no duties.

The complaint concerns Plaintiff's employment as a high school teacher with NLCP, alleging that she did not receive certain compensation and pension benefits she was entitled to and that NLCP terminated her employment due to age discrimination and in retaliation for engaging protected activity. The allegations against Paycor are limited to claims that it prepared incorrect W-2 forms and other documents, failed to properly report pension contributions, and terminated Plaintiff's access to its systems. However, Paycor processed the payroll information as it was input into Paycor's software by its customer, NLCP. Paycor had no independent duty to Plaintiff and cannot be held liable for merely carrying out the payroll functions as directed by NLCP.

This version of the complaint still fails to allege any facts that would show Paycor engaged in any wrongdoing or breached any duty owed to Plaintiff. Accordingly, all claims against Paycor should be dismissed with prejudice.

# BACKGROUND[1]

Plaintiff Lakeisha Stone was employed by NLCP as a high school teacher. (D.E. 21, Verif. 2d Am. Compl. ("Compl.") ¶ 16.) Her employment came with a salary, pension contributions, and other benefits. (*Id.* ¶¶ 17, 26.) Paycor is a software company that provides payroll and human resources solutions to businesses across the country. Employees of Paycor's customers can access their payroll information, such as paystubs, through Paycor's website. NLCP is a former customer of Paycor. (*See id.* ¶ 10.) During the time of their business relationship, Paycor provided onboarding services related to new NLCP employees and ongoing services related to NLCP employees' payroll and employee benefits, including pension benefits. (*Id.*) NLCP (or its employee) is responsible for inputting accurate data into Paycor's software. The complaint alleges that NLCP used Paycor's services to "handle[ ] all payroll functions," including:

- "choosing a pay schedule";

- "determining employee pay information";

- "set up pay rates, benefits, deductions, and calculate taxes and withholdings";

- "calculate employee hours";

- "keep track of the number of hours each employee works and import timesheets if using time and attendance software";

- "review the pay run";

- "double-check the numbers, including employees' net pay and the company's total cash requirements";

- "pay taxes";

- "withhold and remit payroll taxes and federal income tax based on various factors";

---

[1] Paycor disputes many allegations in the complaint, but accepts the plausibly pleaded facts as true for purposes of this motion only.

- "withhold and remit other benefits, including pension funds";

- "schedule and deposit taxes on time to avoid penalties";

- "deliver pay";

- "distribute paychecks or initiate direct deposits, run reports and maintain records";

- "Keep detailed records of hours worked, overtime, and wages to comply with regulations and track payroll information"; and

- "complete year-end requirements; and at year-end, provide necessary forms to employees i.e. a W-2 Statement of Wages or a 1099-MISC."

(*Id.* ¶ 128.)

The complaint mainly focuses on issues related to pension contributions and alleged payroll discrepancies. Plaintiff claims that her pension benefit payments were not deducted from her paycheck for 2021, were deducted but not reported for 2022, and were not paid into the relevant pension fund for either year. (*Id.* ¶ 26). She also claims that her W-2 forms for 2021, 2022, and 2023 were incorrect "because they did not report employee and employer pension contributions" and did not reflect her agreed-upon salary or actual pay. (*Id.* ¶¶ 24–25). Plaintiff does not allege that Paycor had any knowledge about her salary or pension benefits other than from data provided by NLCP and subsequent complaints she claims to have lodged with Paycor.[2]

Plaintiff filed this action in the Circuit Court of Cook County, Illinois. (*See* D.E. 1-5 at 2, 9.) Before any Defendant had been served, she filed an amended complaint asserting 12 causes of action against NLCP, its Board of Directors, several individual board members and executives of NLCP (the "individual Defendants"), Paycor, and the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Pension Fund"). (*See id.* at 7.) Paycor,

---

[2] The complaint also includes allegations of age discrimination and retaliation, which do not involve Paycor.

3

with the consent of the other served Defendant, removed this case to this Court on the basis of federal-question jurisdiction, as Plaintiff asserts a claim under the federal Age Discrimination in Employment Act. (D.E. 1; *see* Compl. ¶ 150–56.)

Paycor moved to dismiss all claims against it in the First Amended Complaint for failure to state a claim upon which relief can be granted. (D.E. 7.) Plaintiff's response did not address the merits of Paycor's arguments, but rather sought leave to file a second amended complaint. (D.E. 19.) The Court granted leave to amend, struck Paycor's motion to dismiss the First Amended Complaint as moot, and set a briefing schedule for its motion to dismiss the Second Amended Complaint. (D.E. 20 & D.E. 22, Minute Entries.)

## LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citation omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew*, 683 F.3d at 334. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## ARGUMENT

**I.    Count I - Plaintiff lacks a legal basis under the Illinois Pension Code to sue Paycor for allegedly delinquent pension contributions.**

Count I seeks "delinquent pension contributions" allegedly owed to Plaintiff and related

relief, including a "declaratory judgment that NLCP and PAYCOR have violated the Pension Code." (Compl. ¶¶ 72–78.) Plaintiff lacks a legal basis to assert this claim against Paycor. It appears that she intends to bring it under Articles 1 and 17 of the Illinois Pension Code, 40 ILCS 5/1-101 *et seq.* and 40 ILCS 5/17-101 *et seq.* (*See* Compl. ¶ 1.) But neither of these articles provides any basis to maintain Count I against Paycor. Article 17 lacks any provision authorizing a private right of action, and Article 1 provides a private right of action "only for [three] specified purposes," none of which apply here. *Cox v. Ret. Bd. of Cty. Emps.*, No. 14-CV-10456, 2021 WL 2186178, at *26 (N.D. Ill. May 29, 2021).

First, Section 1-115(a) authorizes a participant, beneficiary, or fiduciary to sue a "person who is a fiduciary with respect to a retirement system or pension established under this Code who breaches any duty imposed upon fiduciaries by this Code." 40 ILCS 5/1-114(a); *see* 40 ILCS 5/1-115(a). Count I does not allege breach of fiduciary duty and instead seeks to recover "delinquent pension contributions," which is beyond the scope of this subsection. (Count II does allege breach of fiduciary duty and is discussed below.) Second and third, subsections (b) and (c) allow a participant, beneficiary, or fiduciary to seek equitable relief to remedy a violation of the Pension Code. 40 ILCS 5/1-115(b)–(c). But Plaintiff does not seek equitable relief against Paycor under Count I. She seeks only monetary damages and a declaratory judgment, which is not equitable in nature. *See Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 649 (7th Cir. 2002) ("[D]eclaratory judgments are neither legal nor equitable." (cleaned up)); *Cox*, 2021 WL 2186178, at *26 (finding a request for compensatory damages falls outside the scope of Section 1-115(b) and (c)). Plaintiff's claim thus falls outside the scope of Section 1-115.

Beyond that, Plaintiff does not plausibly allege that Paycor has violated any provision of the

Pension Code. As "NLCP's chosen Payroll and Benefits Advisor," Paycor simply processed the payroll information and instructions provided by its customer. (Compl. ¶ 10.) Paycor, a third-party software provider, had no role in making decisions about Plaintiff's pension. Plaintiff's only allegation even possibly to the contrary lacks factual support. Plaintiff claims that Paycor "is an agent of NLCP, the Employer, in possession of member contributions deducted from payroll funds and is holding Fund assets, and thus becomes a fiduciary over those assets, in accordance with 40 ILCS 5/17-132(b)." (*Id.* ¶ 78.) This is a conclusory assertion that tracks the language of 40 ILCS 5/17-132(b) nearly verbatim with no factual basis.[3] *See Twombly*, 550 U.S. at 555. And, as explained below in Section II, it does not establish that Paycor is a "fiduciary" under the Pension Code.

Because the Pension Code does not provide any legal basis to support Count I, the Court should dismiss Plaintiff's claim against Paycor for allegedly "delinquent pension contributions."

## II.     Count II – Plaintiff's claim for breach of fiduciary duty fails because Paycor is not a fiduciary under the Pension Code.

Count II alleges breach of fiduciary duty under the Pension Code against all Defendants. (Compl. ¶¶ 79–87.) As relevant here, Plaintiff alleges that "NLCP, as an Employer in possession of member contributions deducted from payroll records[,] holds PENSION FUND assets and thus becomes a fiduciary over those assets," pursuant to 40 ILCS 5/17-132(b). (*Id.* ¶ 82.) She further alleges that Paycor, "as that part of NLCP, was responsible for STONE'S onboarding process as a new employee, more fully detailed in Paragraph 89 below, and the performance of all payroll and

---

[3] This assertion is also incorrect. Paycor merely provides a bookkeeping function, calculating mathematically how the deduction impacts an employee's paycheck—using information provided by the employer—and communicating that math to the relevant pension fund. Paycor does not process any funds (debits or credits) to or from the employee or pension fund. Plaintiff's allegations in Count XIV (discussed below in Section VII) further acknowledge Paycor's limited role here.

related functions as a continuing employee," and that Paycor, "as an agent, servant and/or employee of the Employer in possession of member contributions deducted from payroll funds, holds PENSION FUND assets, and thus becomes a fiduciary over those assets." (*Id.* ¶¶ 83–84.)

Plaintiff fails to plausibly allege that Paycor is a "fiduciary" under the Pension Code. As discussed above, a claim of breach of fiduciary duty may lie against only a "person who is a fiduciary with respect to a retirement system or pension established under this Code." 40 ILCS 5/1-114(a); *see* 40 ILCS 5/1-115(a). The Pension Code provides the following definition of "fiduciary":

> A person is a "fiduciary" with respect to a pension fund or retirement system established under this Code to the extent that the person:
>
> (1) exercises any discretionary authority or discretionary control respecting management of the pension fund or retirement system, or exercises any authority or control respecting management or disposition of its assets;
>
> (2) renders investment advice or renders advice on the selection of fiduciaries for a fee or other compensation, direct or indirect, with respect to any moneys or other property of the pension fund or retirement system, or has any authority or responsibility to do so; or
>
> (3) has any discretionary authority or discretionary responsibility in the administration of the pension fund or retirement system.

40 ILCS 5/1-101.2.

Plaintiff asserts that Paycor is a fiduciary based only on a portion of 40 ILCS 5/17-132(b), which provides that "[a]n Employer in possession of member contributions deducted from payroll checks is holding Fund assets, and thus becomes a fiduciary over those assets." This fails for several reasons. First, Plaintiff simply quotes the statute and offers no factual allegations to support her conclusory assertion. (*See* Compl. ¶¶ 82–84.) The Court should not credit this legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Second, Paycor does not qualify as an "employer" under 40 ILCS 5/17-132(b). Article 17

of the Pension Code defines "employer" as "[t]he Board of Education, a charter school as defined under the provisions of Section 27A-5 of the School Code, and a contract school operating pursuant to an agreement with the Board of Education."[4] 40 ILCS 5/17-105.1 (footnote omitted). Paycor is none of these. It is rather a third-party, for-profit corporation that served as a service provider to NLCP. (Compl. ¶ 10.) Plaintiff's conclusory allegation that Paycor "is an 'EMPLOYER' within the meaning of the Illinois Pension Code, 40-ILCS 5/17-105.1," does not change this. (Compl. ¶ 23.) Here too, Plaintiff states no facts to support this bare conclusion, and the Court should not credit a factless allegation as true.

Plaintiff is also wrong to suggest that Paycor qualifies as an employer simply because it was allegedly (again, with no factual basis) an "agent, servant and/or employee" of NLCP or provided services to NLCP. (*Id.* ¶ 83–84.) The Pension Code's applicable definition of "employer" does not extend to agents, servants, employees, or service providers of an entity that is an employer (doing so would enormously expand the statute). Plaintiff offers no other basis to assert that Paycor is a fiduciary under the Pension Code.

Third, the factual allegations that Plaintiff does include in the complaint contradict her bare assertion that Paycor is a fiduciary. Plaintiff admits that Paycor served in a limited role as a third-party vendor whose services NLCP used to "handle[ ] all payroll functions." (*See* Compl. ¶¶ 10, 128.) This confirms that Paycor is not a fiduciary under the Pension Code. The Court need not

---

[4] The Pension Code contains several article-specific definitions of "employer." Article 17's definition applies here because 40 ILCS 5/17-132 falls within that article (which concerns "Public School Teachers' Pension and Retirement Fund--Cities over 500,000 Inhabitants"). Plaintiff all but admits this. (*See* Compl. ¶ 23) In any event, none of the other definitions of "employer" found in the Pension Code would encompass Paycor. *See* 40 ILCS 5/8-110, 11-107, 12-120, 15-106, 18-107, 20-105.

accept as true a complaint's factual allegations that are "contradicted in the complaint itself." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Finally, Plaintiff cannot seek to personally recover compensatory damages under the Pension Code. Section 1-114 makes clear that only a "retirement system or pension fund" itself may recover from a fiduciary who has breached his or her duties. 40 ILCS 5/1-114(a); *see Cox*, 2021 WL 2186178, at *26. The Pension Code does not support Plaintiff's request for attorney's fees, either. *Ryan v. City of Chicago*, 274 Ill. App. 3d 913, 925, 654 N.E.2d 483, 492 (1995). For all of these reasons, Plaintiff fails to state a claim of breach of fiduciary duty against Paycor under the Pension Code.

### III. Count III - Plaintiff fails to plead her fraud claim against Paycor with particularity and fails to plausibly allege two essential elements.

Count III alleges fraud against solely Paycor. (Compl. ¶¶ 88–97.) Plaintiff claims that her paystubs, W-2 forms, and reflection of pension benefits documents prepared and distributed to her by Paycor contained inaccurate, false information, and that Paycor committed fraud by providing these documents to her. Plaintiff fails to plausibly allege fraud on Paycor's part.

The elements of a common law fraud claim under Illinois law are: (1) the defendant intentionally made a false statement of material fact; (2) the defendant knew the statement was false; (3) the defendant intended that the statement induce the plaintiff to act; (4) the plaintiff relied on the truth of the statement; and (5) the plaintiff suffered damages resulting from reliance on the statement. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496, 675 N.E.2d 584, 591 (1996); *see Fox v. Heimann*, 375 Ill. App. 3d 35, 47, 872 N.E.2d 126, 138 (2007). "A successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who

9

made the misrepresentations and to whom they were made." *Connick*, 174 Ill. 2d at 496–97, 675 N.E.2d at 591. Similarly, Rule 9 requires that a plaintiff plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b).

Plaintiff fails to plead this claim with particularity. She does not identify any specific false statements made to her by Paycor. She alleges only that Paycor prepared incorrect W-2 and other forms, without detailing the exact misrepresentations on those forms or how Paycor knew they were false. The complaint also fails to provide specific dates or locations for the alleged fraudulent acts by Paycor. It broadly refers to categories of documents without pinpointing when or where the alleged fraud occurred. These generalized allegations cannot meet the heightened pleading standard for fraud claims.

Additionally, Plaintiff's admissions that she knew the information she allegedly received was incorrect and "repeatedly called and informed" Paycor of this vitiates her claim, as it shows she did not rely on the statements and was not damaged by them. (Compl. ¶¶ 92, 97.) In *Ma v. CVS Pharmacy, Inc.*, No. 19-CV-3367, 2020 WL 533702 (N.D. Ill. Feb. 3, 2020), the Court dismissed a fraud claim where the plaintiff's complaint admitted that "she did not believe the statements" at issue and "pointed it out" to a third party. *Id.* at *4. The Seventh Circuit affirmed, finding that the plaintiff's "admission that she did not rely dooms her claim." *Ma v. CVS Pharmacy, Inc.*, 833 F. App'x 10, 14 (7th Cir. 2020).

So too here. Plaintiff alleges that "[t]he inaccuracies reflected in STONE'S paystubs, W-2 forms and pension benefits prepared by PAYCOR for STONE were pointed out to PAYCOR by STONE on numerous occasions, including but not limited to *each time* she received an inaccurate paystub and W-2, but PAYCOR refused to correct the inaccuracies." (Compl. ¶ 92 (emphasis

added).) This shows that Plaintiff did not rely on any allegedly false statements to her detriment, at any time. She thus fails to allege two essential elements of her fraud claim.

Finally, Illinois courts have long held that "fraud will lie only where fraudulent intent to deceive can be proven." *Conner v. Ill. Bell Tel. Co.*, 120 Ill. App. 2d 124, 256 N.E.2d 41 (Ill. App. Ct. 1970); *see Miller v. Howell*, 2 Ill. 499, 500 (1838) ("Fraud can not exist without an intention to deceive."). Plaintiff fails to plausibly allege that Paycor intended to deceive her by issuing pay documents with allegedly incorrect information. NLCP, as Plaintiff's employer, knew what these correct amounts should be, and if NLCP provided incorrect information to Paycor, Paycor had no way of knowing. Moreover, Paycor stood nothing to gain by Plaintiff receiving incorrect amounts of pay and pension benefits. This further shows the flaws in Plaintiff's fraud claim.

Because Plaintiff fails to plead fraud with particularity and fails to plausibly allege the elements of reliance and damages, the Court should dismiss Count III.

## IV. Count V - Plaintiff's request for an accounting as to Paycor should be dismissed because Paycor does not control NLCP's books and records.

Count V seeks an accounting related to NLCP's books and records. (Compl. ¶¶ 108–12.) As relevant here, Plaintiff seeks an order "requiring Defendant PAYCOR to comply with the terms of the Illinois Pension Code" and "directing Defendant PAYCOR, as relates to the books and records of NLCP, to permit Plaintiff's representative to conduct an audit of Defendant NLCP 's books and records" and to provide information about NLCP's employees. (*Id.* at 26–27.)

First, Plaintiff fails to specify which provision of the Pension Code she wants Paycor to comply with. Second, Paycor cannot provide Plaintiff with the requested relief. Paycor does not control NLCP's books and records and cannot give that which it does not have. Consistent with this reality, Plaintiff also requests this exact same relief against NLCP, so it is unclear what she

hopes to gain by requesting it from Paycor as well. (*Id.*) Third, Plaintiff lacks a legal basis to make these requests as to a third-party payroll processor like Paycor. She points to no law to support this claim. The Court should therefore dismiss Count V as to Paycor.[5]

## V. Count VI - The Court should dismiss Plaintiff's claims against Paycor under the Whistleblower Act.

Count VI alleges violations of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, against NLCP and Paycor.[6] (Compl. ¶¶ 113–38.) Plaintiff claims that she submitted complaints to NLCP's management and HR department, and to Paycor, related to her compensation not being paid in accordance with her employment agreement, inaccurate W-2 forms for 2021, 2022, and 2023 received from Paycor, and pension contributions not being deducted from her paycheck or paid to the Pension Fund. (*Id.* ¶¶ 27–29). She alleges that NLCP and Paycor retaliated against her for making these complaints—NLCP by firing her, and Paycor by "intentionally block[ing] her access to her payroll records" and "refus[ing] to correct her pay stubs, pension contributions and W-2 forms." (*Id.* ¶¶ 134–35.) Plaintiff fails to state a claim under the Whistleblower Act.

### A. Paycor was not Plaintiff's employer.

Plaintiff quotes portions of Sections 10, 15, and 20 of the Whistleblower Act in her complaint. (*Id.* ¶¶ 114–16.) Every requirement imposed by each of these sections applies only to "[a]n employer." Sections 15 and 20 prohibit retaliation "against an employee," while Section 10 prohibits making, adopting, or enforcing "any rule, regulation, or policy preventing an employee"

---

[5] Plaintiff's requests for "delinquent contributions that are owed to the [Pension] Fund" and related relief mirror those found in Count I and should be dismissed for the reasons discussed above. (Compl. at 27.)

[6] The Illinois General Assembly recently amended the Whistleblower Act, but the amendments did not take effect until January 1, 2025. The pre-amendment version of the Act therefore applies here.

from making disclosures to certain government agencies. 740 ILCS 174/10 (2004), 15 (2008), 20 (2009). The Whistleblower Act defines "employee" as "any individual who is employed on a full-time, part-time, or contractual basis by an employer." 740 ILCS 174/5 (2011).

Plaintiff does not plausibly allege that she was an employee of Paycor. This alone requires dismissal of any claim against Paycor under the Whistleblower Act. *See Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 385–86 (7th Cir. 2016) (holding that a Whistleblower Act claim was properly dismissed because the plaintiffs did not allege that they were the defendant's employees). Plaintiff asserts that Paycor "is an employer within the meaning of the Illinois Whistleblower's [sic] Act" and "is an agency of NLCP acting within the scope of their authority express or implied on behalf of NLCP in dealing with its employees." (Compl. ¶¶ 119–20); *see* 740 ILCS 174/5 (2011) (defining "Employer"). But the Court is not bound to accept as true these bare legal conclusions, the second of which merely quotes the statute. *Twombly*, 550 U.S. at 555.

Plaintiff provides no factual allegations to support these conclusory assertions. She does not explain how, when, or why NLCP would have granted Paycor the authority to act as her employer when the complaint's own allegations make clear that Paycor's role was limited to providing "onboarding services for new employees" and "ongoing services related to payroll, employee benefits, including health and life insurance as well as pension benefits." (Compl. ¶ 10.) These ministerial functions do not suggest (and indeed contradict the notion of) a grant of authority that would transform Paycor into Plaintiff's employer.[7] *See Atkins*, 631 F.3d at 832.

---

[7] If Plaintiff intends to challenge Paycor's employment practices despite never having been a Paycor employee, then she lacks Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

## B.     Paycor did not take a material adverse action against Plaintiff.

Plaintiff also fails to plausibly allege that Paycor retaliated against her. To constitute retaliation, an act or omission must be "materially adverse"—that is, "one that significantly alters the terms and conditions of the employee's job." *Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 919, 936 N.E.2d 623, 640 (2010) (quoting *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004)). "Adverse employment actions include things such as hiring, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Id.* But "not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an employee did not like would form the basis of a discrimination suit.'" *Id.* (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)). A "mere inconvenience" does not count. *Id.* (citation omitted).

Plaintiff alleges that Paycor took a materially adverse employment action against her by "intentionally block[ing] her access to her payroll records" and "refus[ing] to correct her pay stubs, pension contributions and W-2 forms." (Compl. ¶ 134–35.) These do not come close to significantly altering the terms and conditions of employment. Plaintiff does not claim that her employment, as a practical matter, changed at all as a result of these alleged acts by Paycor. Indeed, Paycor did not have the power to significantly alter the terms and conditions of Plaintiff's employment because Paycor was not her employer. At best, Plaintiff alleges "petty harassment," which is not actionable under the Whistleblower Act. *See Elue v. City of Chicago*, No. 16-CV-09564, 2017 WL 2653082, at *6 (N.D. Ill. June 20, 2017) (citation omitted).

## C.     Plaintiff's Whistleblower Act claims fail for additional reasons.

Plaintiff's claim under Section 15 of the Whistleblower Act fails because she does not allege that she engaged in protected activity. First, she does not claim to have "disclose[d] information

in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding." 740 ILCS 174/20(a) (2008). Second, Plaintiff does not plausibly allege that she "disclos[ed] information to a government or law enforcement agency." 740 ILCS 174/20(b) (2008). Paycor is not a government or law enforcement agency. Without conceding that NLCP qualifies as such, Plaintiff's alleged complaints to "NLCP's management and HR department," (Compl. 28), were not protected activity because complaining "internally" to the "employer" and "alleged violator . . . does not constitute 'disclosure' under the Act," *Owen v. Bd. of Educ. of Urbana Sch. Dist. # 116*, No. 20-CV-2010, 2020 WL 12813968, at \*19 (C.D. Ill. Sept. 3, 2020) (citing *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 19, 79 N.E.3d 184, 190).

Plaintiff's claim under Section 10 of the Whistleblower Act fails because she does not allege that Paycor "ma[d]e, adopt[ed], or enforce[d] any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15 (2004). Plaintiff's claim under Section 20 of the Whistleblower Act fails because she does not allege that she "refus[ed] to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." 740 ILCS 174/20 (2009). These failures provide additional reasons why Count VI against Paycor should be dismissed.

## VI.    Count XIII – Plaintiff fails to state a claim of negligence against Paycor.

Count XIII alleges negligence against only Paycor. (Compl. ¶¶ 184–90.) To properly plead negligence under Illinois law, a plaintiff must allege facts sufficient to establish (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injuries. *Behrens v. Harrah's Ill. Corp.*, 366 Ill. App. 3d 1154, 1156, 852 N.E.2d 553, 555 (2006). Plaintiff claims that "the law imposed upon PAYCOR a duty of reasonable

care as to matters affecting STONE'S payroll," and that Paycor breached that alleged duty by failing to "pay STONE regularly, fairly and in the correct amount," failing to "properly report earnings, withholdings and deductions and to provide a correct and timely W-2 Statement of Earnings," failing to "treat [her] fairly," harming her "through carelessness and acts and/or omissions which could reasonably be foreseen to cause injury to" her, and failing to "avoid acts or omissions in which injury to STONE was reasonably foreseeable." (*Id.* ¶¶ 185, 188.) She also accuses Paycor of violating various "ethical" duties purportedly owed to her. (*Id.* ¶¶ 187, 189.)

Plaintiff fails to state a claim of negligence against Paycor. First, she has no basis to sue Paycor for breach of any alleged "ethical" duty that does not amount to a breach of a legal duty of care. Second, she fails to plausibly allege that Paycor owed her a legal duty of care. She offers no factual allegations to support her conclusory assertion that she and Paycor "stood in relationship to one another such that the law imposed upon PAYCOR a duty of reasonable care as to matters affecting STONE'S payroll." (Compl. ¶ 185.) Again, this bare legal conclusion is not entitled to deference. *Twombly*, 550 U.S. at 555.

Plaintiff mentions Paycor's alleged role as "NLCP's agent servant and/or employee," but this is limited to her assertion that Paycor breached an "ethical duty," not a legal one. (*Id.* ¶ 187.) Regardless, this does not give rise to a legal duty of care. It is possible that Paycor owed a duty to NLCP based on their business relationship, but Plaintiff offers no basis to extend that relationship to her, NLCP's employee. With no direct relationship between Plaintiff and Paycor, Plaintiff fails to plausibly allege that Paycor owed her a legal duty.

Third, Plaintiff fails to plausibly allege breach of any legal duty by Paycor. She claims that Paycor failed to pay her in the correct amount and failed to "properly report earnings, withholdings

16

and deductions and to provide a correct and timely W-2 Statement of Earnings." (*Id.* ¶ 186.) How-ever, Plaintiff does not allege how Paycor breached any duty in preparing these forms, especially given that Paycor, as a third-party payroll processor, would have relied on information provided by NLCP. Indeed, Plaintiff acknowledges Paycor's limited role as a service provider for NLCP, (*id.* ¶ 10), contradicting her allegations here, *see Atkins*, 631 F.3d at 832. Without specific allegations of how Paycor's conduct fell below the applicable standard of care, Plaintiff fails to allege breach of any legal duty.

Fourth, Plaintiff's negligence claim fails because she has not pleaded facts showing that any alleged action by Paycor proximately caused her claimed damages. The complaint is devoid of any specific allegations linking Paycor's preparation of W-2 forms to Plaintiff's claimed injuries. In-stead, Plaintiff's claimed damages appear to stem from NLCP's alleged failure to pay her agreed-upon salary and make required pension contributions—actions that are not attributable to Paycor as a third-party payroll processor. For all of these reasons, the Court should dismiss Plaintiff's negligence claim against Paycor for failure to state a claim.

## VII.   Count XIV - Plaintiff's willful and wanton conduct claim fails for the same (and additional) reasons.

Count XIV alleges willful and wanton conduct against solely Paycor. (Compl. ¶¶ 191–200.) Plaintiff also fails to state a claim against Paycor here. Under Illinois law, willful and wanton conduct is not a separate tort but rather a species of negligence. *W. Bend Mut. Ins. Co. v. Cmty. Unit Sch. Dist. 300*, 2021 IL App (2d) 210108, ¶ 38, 193 N.E.3d 266, 276. To plead a claim for willful and wanton conduct, a plaintiff must allege the elements of ordinary negligence and also "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Id.* at 277 (citation omitted). Thus, "there are two varieties of willful and wanton

conduct, intentional and reckless." *Id.* (citation omitted). The heading for Count XIV makes clear that Plaintiff alleges "intentional" willful and wanton conduct here. (Compl. at 43.) Because Plaintiff's negligence claim fails for the reasons discussed above, her claim for willful and wanton conduct against Paycor must fail too.

Beyond that, Plaintiff fails to allege conduct by Paycor that qualifies as "willful and wanton." "Willful and wanton misconduct must be manifested by the facts alleged in the complaint," and a plaintiff's mere "characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss." *Cipolla v. Bloom Twp. High Sch. Dist. No. 206*, 69 Ill. App. 3d 434, 437, 388 N.E.2d 31, 34 (1979). "Willful and wanton misconduct requires a conscious disregard for the safety of others." *Majewski v. Chi. Park Dist.*, 177 Ill. App. 3d 337, 340, 532 N.E.2d 409, 411 (1988).

Plaintiff's only allegations here are that Paycor "fail[ed] and refuse[d] to correct" the alleged errors related to her paychecks, pension deductions, and W-2s after she claims to have contacted Paycor about them, and that Paycor "subsequently cut STONE'S access to their [sic] system." (Compl. ¶¶ 193–95.) This is not egregious enough to qualify as willful and wanton. Moreover, Plaintiff does not plead facts showing *how* Paycor knew or should have known the information in the documents it provided were incorrect, which is required to show conscious disregard. *See Majewski*, 177 Ill. App. 3d at 341, 532 N.E.2d at 411. If Paycor received conflicting information from NLCP and Plaintiff, Plaintiff fails to plausibly allege that Paycor engaged in serious misconduct by crediting its customer over one of the customer's employees.

Tellingly, Plaintiff characterizes Paycor's alleged misconduct here as failing "to intervene on STONE'S behalf, and to stop the inaccurate paychecks and to correct the incorrect W-2's being

generated by PAYCOR related to STONE'S payroll." (*Id.* ¶ 197.) This shows that Plaintiff's real quarrel is with NLCP—not Paycor—as NLCP provided Paycor with the information Paycor used to process Plaintiff's pay-related documents. Plaintiff certainly fails to allege that a special relationship existed between her and Paycor that would obligate Paycor to "intervene on [her] behalf." Plaintiff's claim for willful and wanton conduct should therefore be dismissed for these independent reasons as well.

## VIII.  To the extent Plaintiff intends to assert a claim under the Wage Act, it should be dismissed.

The first paragraph of the complaint states that Plaintiff brings a claim under the Illinois Wage Payment and Collection Act (the "Wage Act"), 820 ILCS 115/1 *et seq.* (Compl. ¶ 1.) Plaintiff includes no allegations related to this claim, however, and does not list it as a count in the complaint. Thus, it is unclear whether Plaintiff intends to assert a claim under the Wage Act at all. If she does, the Court should dismiss it for failure to state a claim.

## CONCLUSION

Paycor is a third-party payroll processor. It does not belong in this lawsuit brought by a teacher against the school that employed her. Plaintiff's scattershot approach to pleading cannot transform Paycor's ministerial functions as a software vendor—performed using information provided to it by NLCP—into actionable misconduct. For the reasons discussed above, the Court should grant Paycor's motion and dismiss it from this case.

Date: February 10, 2025                          Respectfully Submitted,

                                                 PAYCOR, INC.

                                                 */s/ Benjamin S. Morrell*
                                                 Benjamin S. Morrell (ARDC No. 6341896)

Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via email to:

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: February 10, 2025

/s/ *Benjamin S. Morrell*