UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKEISHA STONE,

    Plaintiff,

v.

NORTH LAWNDALE COLLEGE PREPERATORY CHARTER HIGH SCHOOL, BOARD OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL, JENNA CUNNINGHAM-ELDER in her Ind Capacity as Chief Executive Officer, ERIN SIMUNOVIC, in her Ind Capacity as CEO, GARLAND LOUIS THOMAS-MCDADE, in his Ind Capacity as Board Member, BRUCE MILLER, in his Ind Capacity as Board Member, ALLEN BENNETT in his Ind Capacity as Board Member, ROBIN STEANS, in her Ind Capacity as Board Member, JIM MINIS, in his Ind Capacity as Board Member, DR. KIM HINTON, in her Ind Capacity as Board Member, WILONDA CANNON, in her Ind Capacity as Board Member, CARRIE STEWART, in her Ind Capacity as Board Member, PAYCOR, INC., and THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,
    Defendants.

Case No. 24 CV 11350

Judge Sharon Johnson Coleman

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF COUNT IX AND REQUEST TO REMAND CASE TO STATE COURT**

    Plaintiff, Lakeisha Stone, by and through her attorneys, Jessica G. Brown, respectfully gives notice of her voluntary dismissal of Count IX of her complaint, which alleges a violation of the

Age Discrimination in Employment Act (ADEA), and respectfully request this Honorable Court remand the case to the Circuit Court of Cook County, Illinois. In support thereof, Plaintiff states as follows:

1. Plaintiff filed an Amended Complaint in the Circuit Court of Cook County, Illinois, on or about August 24, 2024, asserting multiple claims against the Defendants, including Count IX, which alleges a violation of the ADEA, thereby providing federal jurisdiction. (See Amended Complaint attached hereto as Exhibit "A")

2. On or about November 4, 2024, certain Defendants removed this case from the Circuit Court of Cook County to this Court based solely on the federal question jurisdiction provided by Count IX. (See Notice of Removal attached hereto as Exhibit "B")

3. The Plaintiff now voluntarily dismisses Count IX, the only federal claim in the Amended Complaint, and the Second Amended Complaint filed in this Court, pursuant to Federal Rule of Civil Procedure 41(a)(1).

4. With the dismissal of Count IX, no federal claims remain, and the Plaintiff respectfully requests that the case be remanded to the Circuit Court of Cook County, Illinois, for the adjudication of the remaining state law claims.

5. Although federal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, a district court normally will relinquish supplemental jurisdiction over state law claims if all of the federal claims drop out before trial, even where this is a consequence of the plaintiff's own voluntary dismissal. See *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir.1998); 28 U.S.C. § 1367(c)(3).

6. Relinquishing pendent jurisdiction once federal claims are dismissed is the norm, not the exception. *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir.), cert. denied, 534 U.S. 824, 122 S.Ct. 62, 151 L.Ed.2d 29 (2001).

7. However, the district court may choose to retain jurisdiction if substantial judicial resources have already been expended on the case, or if it is clearly apparent how the state claims should be decided (*Vega v. Chicago Board of Education*, 338 F.Supp.3d 806 (2018)) [5].

8. This case is at the very beginning stages of the litigation, remaining defendants (12 in number) have only executed waivers of service, and have yet to file their appearance, their responsive pleadings are not yet due to be filed, and Defendant Paycor's Motion to Dismiss the Second Amended Complaint is not yet fully briefed. Furthermore, several of the state law claims are complex in nature, and the resolution of them is not clearly apparent.

9. In *Royal Canin U. S. A., Inc. v. Wullschleger*, the Supreme Court reiterated that when a plaintiff drops federal claims, the district court has the discretion to either remand the case to state court or dismiss it outright, depending on what serves the interests of economy, convenience, fairness, and comity (*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)) [6]. In a unanimous opinion, the Supreme Court, Justice Kagan, held that post-removal amendment of complaint to remove all federal questions deprived district court of supplemental jurisdiction over remaining state-law claims.

10. Remanding this case to state court will serve the interests of judicial economy and comity, as the state court is the appropriate forum for resolving the remaining state law issues.

11. The dismissal of Count IX and remand to state court will not prejudice the Defendants, as they will have the opportunity to address the state law claims in the appropriate jurisdiction.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. Enter an Order reflecting Plaintiff's Voluntary Dismissal of Count IX of the Second Amended Complaint;

B. Exercise its discretion and remand the case to the Circuit Court of Cook County, Illinois, for further proceedings; and

C. Grant any other relief that this Court deems just and proper.

Respectfully submitted,

/s/Jessica G. Brown
JESSICA G. BROWN
Attorney for LAKEISHA STONE

JESSICA G. BROWN
Attorney for Plaintiff
Post Office Box 802945
Chicago, Illinois 60680-2945
(773) 426-4749
ARDC#: 6307684

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2025, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via email to:

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com

*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Signature:   /s/ Jessica G. Brown          Date: March 2, 2025

Jessica G. Brown
Attorney for Plaintiff
Post Office Box 8022945
Chicago, Illinois 60680-2945
(773) |426-4749
ARDC #: 6307684