FILED
8/5/2024 11:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L006012
Calendar, I
28803549

**CAL I**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**LAW DIVISION**

LAKEISHA STONE,

    Plaintiff,

                                 Case No. 2024 L 006012

NORTH LAWNDALE COLLEGE
PREPERATORY CHARTER HIGH SCHOOL,
BOARD OF DIRECTORS OF NORTH
LAWNDALE COLLEGE PREPARATORY
CHARTER HIGH SCHOOL, JENNA
CUNNINGHAM-ELDER in her Ind Capacity as Chief
Executive Officer,  ERIN SIMUNOVIC, in her Ind
Capacity as CEO, GARLAND LOUIS THOMAS-
MCDADE, in his Ind Capacity as Board Member,
BRUCE MILLER, in his Ind Capacity as Board
Member, ALLEN BENNETT in his Ind Capacity as
Board Member, ROBIN STEANS, in her Ind
Capacity as Board Member, JIM MINIS, in his Ind
Capacity as Board Member, DR. KIM HINTON, in
her Ind Capacity as Board Member, WILONDA
CANNON, in her Ind Capacity as Board Member,
CARRIE STEWART, in her Ind Capacity as Board
Member, PAYCOR, INC., and THE BOARD OF
TRUSTEES OF THE PUBLIC SCHOOL
TEACHERS' PENSION AND RETIREMENT
FUND OF CHICAGO,

    Defendants.

## VERIFIED AMENDED COMPLAINT

Now comes LAKEISHA STONE, ("STONE" or "Plaintiff" ) by and through her attorneys,

Calvita J. Frederick & Associates for her Amended Complaint against Defendants NORTH

LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL, ("NLCP") BOARD

OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH

SCHOOL, ("the BOARD") JENNA CUNNINGHAM-ELDER, ("CUNNINGHAM-ELDER") in her

1

EXHIBIT A

FILED DATE: 8/5/2024 11:53 AM   2024L006012

individual capacity as the Chief Executive Officer, ERIN SIMUNOVIC, (SIMUNOVIC") in her

Individual Capacity as Chief Financial Officer, GARLAND LOUIS THOMAS-MCDADE,

("THOMAS-MCDADE") in his Individual Capacity as Board Member, BRUCE MILLER,

("MILLER") in his Ind Capacity as Board Member, ALLEN BENNETT ("BENNETT") in his

Ind Capacity as Board Member, ROBIN STEANS, ("STEANS") in her Individual Capacity as

Board Member, JIM MINIS ("MINIS") in his Individual Capacity as Board Member, DR. KIM

HINTON, ("HINTON") in her Individual Capacity as Board Member, WILONDA CANNON,

("CANNON") in her Individual Capacity as Board Member, CARRIE STEWART,

("STEWART") in her Individual Capacity as Board Member, ("collectively Individual

Defendants"), PAYCOR, INC. ("PAYCOR") and THE BOARD OF TRUSTEES OF THE

PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,

("PENSION FUND") state as follows:

## NATURE OF THE CASE

1. This is an action pursuant to Articles 1 and 17 of the Illinois Pension Code, 40
ILCS 5/1-101 et seq. and 40 ILCS 5/17-101 et seq., the Illinois Wage Payment and
Collections Act ("IWPCA"), 820 ILCS 115/1 et seq. , and state common law to request
an audit (accounting), to collect delinquent contributions disclosed by the audit, for
breach of fiduciary duty, and for fraud, in connection with Defendants' failure to
accurately report and pay contributions to the PENSION FUND as required by the
Illinois Pension Code on behalf of teachers, administrators, and other employees. Plaintiff
also sues under the Illinois Whistleblower Act, 704 ILCS 174/1 et seq., for retaliation for
the disclosure of a violation of a State or federal law, rule, or regulation; the Illinois

Human Rights Act and the Age Discrimination in Employment for discrimination based upon age and in retaliation for engaging in protected activities.

## JURISDICTION

2. Jurisdiction is proper in this Court under 2-209(a)(1), (7), (10), (11), (12), (13), and (14) of the Illinois Code of Civil Procedure, 735 ILCS. Jurisdiction and venue are proper in the County of Cook and State of Illinois as Plaintiff STONE resides here and all the actions complained of occurred in this jurisdiction. In addition, Plaintiff has received a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission that allows Plaintiff to bring suit in state court.

## PARTIES

3. STONE is a teacher licensed by the State of Illinois. and at all times relevant was a resident of the City of Cicero, Couty of Cook and the State of Illinois.

4. NLCP is a public charter school, organized under the Illinois School Code, ILCS 5/1 et seq. NLCP has two campuses (Christiana and Collins) located in Chicago, Illinois and serves more than 750 high school students.

5. NLCP is an Illinois not-for-profit corporation licensed to do business in Illinois and has its principal place of business at 1615 Christiana, Chicago, Illinois 60623.

6. NLCP is governed by the BOARD which is charged with overseeing the school and organizational operations.

7. CUNNINGHAM-ELDER is or was the Chief Executive Officer of NLCP and oversees overall operations of NLCP and is believed to be a resident of the City of Chicago and the State of Illinois.

FILED DATE: 8/5/2024 11:53 AM   2024L006012

8. SIMUNOVIC is or was the President of NLCP and manages the operations, finances, and human resources of NLCP. SIMUNOVIC is believed to be a resident of the City of Chicago and the State of Illinois.

9. THOMAS-MCDADE, MILLER, BENNETT, STEANS, MINIS, HINTON, CANNON, and STEWART are or were all members of the BOARD during all times relevant to this complaint and are believed to be residents of the City of Chicago and the State of Illinois.

10. PAYCOR is a Delaware corporation, registered and licensed to do business in Illinois, having its principal place of business located at 4811 Montgomery Rd, Cincinnati, Ohio, 45212.  At all times relevant hereto PAYCOR was the NLCP's chosen Payroll and Benefits Advisor who provided for NLCP, inter alia, onboarding services for new employees, including STONE, as well as ongoing services related to payroll, employee benefits, including health and life insurance as well as pension benefits.

11. The PENSION FUND is a body politic and corporate with the authority to administer the Public-School Teachers' Pension and Retirement Fund of Chicago, and with the authority to bring legal proceedings on behalf of the PENSION FUND. 40 ILCS 5/17104, 5/17-137, 5/17-147. The Trustees maintain and administer the PENSION FUND in accordance with Article 1 and Article 17 of the Illinois Pension Code, 40 ILCS 5/1-101 et seq. and 40 ILCS 5/17101 et seq., at its administrative office and its principal and exclusive office in Chicago, Cook County, Illinois.

## FACTS COMMON TO ALL CHARGES

12. The Chicago Board of Education ("BOE") and NLCP entered into a Charter School Agreement.

FILED DATE: 8/5/2024 11:53 AM  2024L006012

13. NLCP is an independent public school established under the Charter School Code, 105 ILCS 5/27A-5.

14. As such, NLCP is an "EMPLOYER" within the meaning of the Illinois Pension Code, 40-ILCS 5/17-105.1.

15. The Chicago BOE and NLCP entered into a series of renewals which allowed NLCP to operate a Charter School for, the periods of August 1, 2021, through September 30, 2025.

16. STONE became a full-time employee of NLCP as a teacher for academic school year 2021-2022. For the 2021-2022 school year, and the 2022-2023 school year she remained employed as a full-time teacher, until her termination. Prior to being hired as a full time teacher, STONE was a substitute teacher for NLCP.

17. STONE signed her agreement to an employment offer with NLCP that provided payment for the academic school year 2021-2022 at annual salary of $65,323.00 and for the 2022-2023 academic school year at the annual salary of $74,907.00. (See employment agreements attached hereto as Exhibits "A" and "B")

18. At all times STONE'S work performance met NLCP's expectations.

19. In fact, STONE's performance was so good, along with her rapport with the high school students and other younger NLCP teachers that NLCP added more and more assignments to STONE'S workload.

20. NLCP'S "30-60-90" Program was designed for new hires to learn the ropes. STONE was the only over 40-year-old person and Black new hire who was denied the opportunity to matriculate through the "30-60-90" Program.

FILED DATE: 8/5/2024 11:53 AM    2024L006012

21. STONE was not compensated as agreed between the parties and as set forth in her employment agreements for the school years 2021-2022 and 2022-2023.

22. NLCP utilized the services of PAYCOR for NLCP teachers, administrators, etc., including but not limited to STONE, to gather employee pay information, including but not limited to: providing on-boarding services for new hires; to set up pay rates, benefits, deductions, and calculate taxes and withholdings; to calculate employee hours: keep track of the number of hours each employee works and import timesheets if using time and attendance software; to review the pay run: to double-check the numbers, including employees' net pay and the company's total cash requirements; to pay taxes; to withhold and remit payroll taxes and federal income tax based on various factors; to withhold and remit other benefits, including pension funds; to schedule and deposit taxes on time to avoid penalties; to deliver pay, i.e. to distribute paychecks or initiate direct deposits, run reports and maintain records; complete year-end requirements; and at year-end, to provide necessary forms to employees including W-2 and 1099-MISC.

23. STONE'S W-2's for the years 2021, 2022, and 2023 as prepared by PAYCOR were incorrect in that the W-2's did not reflect the salary that STONE was to receive as stated in the employment agreements, and also the W-2's did not reflect the pay STONE actually received as reflected on her pay stubs.

24. STONE'S W-2 form for each year as prepared by PAYCOR was incorrect also because they did not report employee and employer pension contributions as required by state and federal wage reporting laws for 2021, 2022, or 2023.

FILED DATE: 8/5/2024 11:53 AM 2024L006012

25. STONE'S pension benefit payments were not deducted from her paycheck for 2021, pension contributions were deducted but not reported for 2022, and neither year were pension contributions paid to the pension fund on STONE'S behalf, as required by state and federal reporting laws.

26. STONE made numerous complaints to no avail, about her salary and pay beginning the first month of her employment after SIMUNOVIC informed STONE that her first check was issued in error and was "an overpayment that had to be repaid".

27. Throughout her employment with NLCP, STONE constantly complained to NLCP's management and HR department about compensation not being paid as agreed and in accordance with her employment agreement, as well as complaints related to her inaccurate W-2 forms for the years 2021, 2022, and 2023, prepared and mailed to her by PAYCOR, to no avail; including but not limited to: incorrect gross pay, net pay, MED, SOC, state taxes, and federal taxes.

28. STONE complained to NLCP's management and HR department about employment benefits, including her pension contributions, employee share. that were required to be deducted from her paycheck but were not deducted nor were they paid to the Pension Fund on behalf of STONE.

29. In addition to SIMUNIVIC'S duties as the President of NLCP, i.e. manages the operations, finances, and human resources of NLCP. SIMUNOVIC is or was also the "certifying officer" for pension contribution payments. SIMUNOVIC was required to treat those pension fund contributions in a fiduciary manner until paid annually to the PENSION FUND as required for all licensed teachers working in the State of Illinois in accordance with both state and federal laws.

FILED DATE: 8/5/2024 11:53 AM   2024L006012

30. NLCP, SIMUNOVIC and the BOARD failed to pay required contributions to the PENSION FUND on behalf of licensed personnel at NLCP, including but not limited to STONE.

31. The BOARD and the individual defendants are subject to and owed to STONE, as an employee of NLCP, the fiduciary duties of care and loyalty. The duty of care requires a director to exercise due care when managing corporate assets. The duty of loyalty also requires a director to avoid undisclosed conflicts of interest.

32. STONE complained to NLCP's management and HR department that she was treated less favorably than similarly situated, younger, employees; that she was subjected to different terms and conditions of employment, including but not limited to, not being compensated for additional duties, and being excluded from the NLCP'S "30-60-90" Program.

33. On or about December 15, 2022, NLCP terminated STONE'S employment with NLCP.

34. The cited reason for STONE'S termination was poor performance.

35. This reason is pretextual because it is untrue, because similarly situated individuals outside of STONE'S protected class groups were not discharged for engaging in similar activity, and because NLCP retaliated against STONE for engaging in a protected activity.

36. The Trustees of the PENSION FUND are fiduciaries and parties in interest as those terms are defined by the Illinois Pension Code, 40 ILCS 5/1-101.2, 5/1-101.3, 5/1-109, and are authorized to commence a civil action in order to obtain appropriate relief for breach of fiduciary duty, to enjoin any act or practice which violates any provision of

FILED DATE: 8/5/2024 11:53 AM    2024L006012

the Illinois Pension Code, or to obtain other appropriate equitable relief to redress any

such violation, or to enforce any such provision of the Code. 40 ILCS 5/1-115.

37. The PENSION FUND is an Illinois public employee pension fund, within the meaning

of the Illinois Pension Code, 40 ILCS 5/17-101 and 5/17-109, established to pay

pensions to eligible contributors, members, or teachers employed in District 299, and

to certain other staff employed at charter schools, as those terms are used in 40 ILCS

5/17-106. The terms "contributor," "member," or "teacher" generally refer to a person

whose employment requires a teaching license/certificate and who are so

licensed/certified.

38. STONE advised, notified and complained to the PENSION FUND, in October of 2023

of the failure of NLCP, the BOARD and the individual defendants to pay into the

pension funds, monies collected from or on behalf of STONE.

39.  PENSION FUND confirmed that no pension fund contributions had been made by

NLCP on behalf of STONE for the school years 2021-2022 or 2022-2023.

40. STONE was individually hurt by the BOARD as well as the individual defendants

when the defendants acted beyond the scope of their duties, including the violation of

state and federal reporting laws related to wages, year-end statements, pension

certifications and otherwise exhibited a wanton disregard of duties.

41. STONE suffered damage as a result of the actions or inactions of all defendants. (See

Report of Potentially Fraudulent Transactions prepared by E. Hopewell and attached

hereto as Exhibit "C").

**FACTS RELATED TO VIOLATION OF THE ILLINOIS PENSION CODE**

FILED DATE: 8/5/2024 11:53 AM   2024L006012

42. The BOE is a body politic and corporate organized and existing under 105 ILCS 5/34-1 et seq. and is the primary employer of teachers and administrators whose retirement benefits are paid by the PENSION FUND.  See 40 ILCS 5/17-105, 5/17-105.1. The BOE operates, manages, and controls the public school district for the City of Chicago (City of Chicago School District 299), commonly known as the Chicago Public Schools ("CPS").

43. The BOE and NLCP entered into a Charter School Agreement.

44. NLCP is an independent public school established under the Charter Schools Law, 105 ILCS 5/27A-1 et seq.

45. A charter school, as defined by the provisions of Section 275-5 of the School Code, 105 ILCS 5/27A-5, is an "Employer" under the Illinois Pension Code. See 40 ILCS 5/17105.1.

46. As such, NLCP is an "Employer" within the meaning of the Illinois Pension code, 40 ILCS 5/17-105.1.

47. The BOE and NLCP entered into a Grant of Charter and Charter School Agreement and a series of renewals which allowed NLCP to operate a charter school known as North Lawndale College Prep for, upon information and belief, the period August 1, 2021, through June 30, 2025.

48. The Illinois Pension Code Requires Payment to the PENSION FUND of contributions deducted from the salaries of Contributors, Members, and Teachers.

49. The Illinois Pension Code provides that the revenues of the PENSION FUND shall consist of contributions paid by an Employer, contributions deducted from the salaries

FILED DATE: 8/5/2024 11:53 AM    2024L006012

of contributors, including teachers and administrators, and investment returns thereon, along with other contributions that may be made to the Fund. 40 ILCS 5/17-127.

50. Section 17-130 of the Illinois Pension Code, 40 ILCS 5/17-130, provides for the deduction from each teacher's salary in the form of contributions to the PENSION FUND in the total amount of 9% (nine percent) of the teacher's salary. Teachers do not participate in Social Security.

51. Section 17-130 of the Illinois Pension Code, 40 ILCS 5/17-130, titled "Participants' contributions by payroll deductions," in relevant part provides:

There shall be deducted from the salary of each teacher 7.50% of his salary for service or disability retirement pension and 0.5% of salary for the annual increase in base pension. In addition, there shall be deducted from the salary of each teacher 1% of his salary for survivors' and children's pensions.

An Employer and any employer of eligible contributors as defined in Section 17-106 is authorized to make the necessary deductions from the salaries of its teachers. Such amounts shall be included as a part of the Fund. An Employer and any employer of eligible contributors as defined in Section 17-106 shall formulate such rules and regulations as may be necessary to give effect the provisions of this Section.

40 ILCS 5/17-1306), (b)

52. The Illinois Pension Code provides that an Employee and an Employer may reach an agreement as to the payment to the Fund of the teacher contributions required by Section 17130 of the Code. Section 17-130.1, titled "Employer contributions on behalf of employees," provides:

FILED DATE: 8/5/2024 11:53 AM    2024L006012

53. An Employer and the Board may make and may incur an obligation to make contributions on behalf of its employees in an amount not to exceed the employee contributions required by Section 17-130 for all compensation earned after September 21, 1981. If the Employer or the Board of Education determines not to make such contributions or incur an obligation to make such contributions, the amount that it could have contributed on behalf of its employees shall continue to be deducted from salary. If contributions are made by an Employer or the Board on behalf of its employees, they shall be treated as employer contributions in determining tax treatment under the United States Internal Revenue Code. An Employer or the Board may make these contributions on behalf of its employees by a reduction in the cash salary of the employee or by an offset against a future salary increase or by a combination of a reduction in salary and offset against a future salary increase. An Employer or the Board shall pay these employee contributions from the same source of funds which is used in paying salary to the employee, or it may also or alternatively make such contributions from the proceeds of the tax authorized by Section 34-60 of the School Code. Such employee contributions shall be treated for all purposes of this Article 17 in the same manner and to the same extent as employee contributions made by employees and deducted from salary; provided, however, that contributions made by the Board of Education on behalf of its employees which are to be paid from the proceeds of the tax, as provided in Section 34-60 of the School Code, shall not be treated as teachers' pension contributions for the purposes of Section 17-132 of the Illinois Pension Code, and provided further, that contributions which are made by the Board of Education on behalf of its employees shall not be treated as a pension or

FILED DATE: 8/5/2024 11:53 AM  2024L006012

retirement obligation of the Board of Education for purposes of Section 12 of "An Act in relation to State revenue sharing with local governmental entities", approved July 3 1, 1969.

See 40 ILCS 5/17-130.1 (footnotes omitted)

54. Pursuant to Section 17-130.1 and a subsequent agreement between NLCP and some or all of its teachers, NLCP agreed to "pension pick up" — i.e. to pay to the Fund — a portion of the contributions otherwise required to be made to the Fund by the teachers. On information and belief, NLCP agreed to pick up 7% of the required 9% employee contribution. This percentage pick-up is the same as the FICA contribution required of employees participating in Social Security.

55. The remaining 2 % of the required teacher contribution is paid by the teachers through payroll deductions.

56. Pursuant to Section 5(a)(xii) of the Charter Agreements that NLCP executed with the Board of Education, NLCP agreed to comply with all provisions of the Illinois Pension Code, which necessarily included the deduction of pension contributions from each teacher's salary and/or pension pick-up in some circumstances and the payment of the amounts due to the Fund.

57. The Illinois Pension Code Authorizes the Fund to Audit an Employer to Verify the Accuracy of the Employer's Payroll Reports and Contribution Obligations, and Provides for Penalties Against a Non-Compliant Employer

58. The Fund relies upon a self-reporting system that requires the Employer, after each predesignated payday, to advise the Fund of the identity of the teachers/members from

FILED DATE: 8/5/2024 11:53 AM    2024L006012

whose salaries contributions have been deducted and are owed to the Fund, and to pay

those contributions to the Fund for the benefit of the teachers/members/contributors.

59. The Illinois Pension Code requires the Employer to provide the Fund with all

members' payroll records and to pay to the Fund a total of 9% of salary, including all

members' pension contributions that have been deducted from the members' salaries

on a timely basis, that is, within 30 calendar days after each payday. Section 17-132(a)

of the Illinois Pension Code provides:

60. An Employer shall cause the Fund to receive all members' payroll records and pension

contributions within 30 calendar days after each predesignated payday. For purposes

of this Section [17-132], the predesignated payday shall be determined in accordance

with each Employer's payroll schedule for contributions to the Fund.

 40 ILCS 5/17-1326)

61. The Illinois Pension Code imposes penalties on an Employer that fails to timely certify

and submit payroll records and contributions. Section 17-132(b) of the Illinois Pension

Code provides:

An Employer that fails to timely certify and submit payroll records to the Fund is subject

to a statutory penalty in the amount of $ 100 per day for each day that a required

certification and submission is late.

Amounts not received by the 30th calendar day after the predesignated payday shall be

deemed delinquent and subject to a penalty consisting of interest, which shall accrue on a

monthly basis at the Fund's then effective actuarial rate of return, and liquidated damages

in the amount of $ 100 per day, not to exceed 20% of the principal contributions due...

FILED DATE: 8/5/2024 11:53 AM    2024L006012

An Employer in possession of member contributions deducted from payroll records is

holding Fund assets, and thus becomes a fiduciary over those assets.

40 ILCS 5/17-132(b)

62. The Illinois Pension Code details the payroll records an Employer must submit,

including the contributions due for each member, as well as the number of days of

service each member performed for the purpose of calculating the member's creditable

service toward a pension benefit. Section 17-132(c) of the Illinois Pension Code in

relevant part provides:

63. The payroll records shall report (1) all pensionable salary earned in that pay period. . .;

(2) adjustments to pensionable salary..made in a pay period for any prior pay periods;

(3) pension contributions attributable to pensionable salary earned in the reported pay

period or the adjusted pay period... ; and (4) any salary paid by an Employer if that

salary is compensation for validated service... Payroll records required by item (4) of

this paragraph shall identify the number of days of service rendered by the member

and whether each day of service represents a partial or whole day of service. 40 ILCS

5/17-132(c)

64. The Illinois Pension Code requires an Employer to "certify" the accuracy of the

information reported to the Fund, and further requires a Charter School — such as

Defendant NLCP — to appoint a "Pension Officer" for that purpose. Section 17-

132(d) of the Illinois Pension Code provides:

The appropriate officers of the Employer shall certify and submit the payroll records no
later than 30 calendar days after each predesignated payday. The certification shall
constitute a confirmation of the accuracy of such deductions according to the provisions
of this Article [17].

FILED DATE: 8/5/2024 11:53 AM   2024L006012

Each Charter School shall designate an administrator as a 'Pension Officer' [who] shall be responsible for certifying all payroll information, including contributions due and certified sick days payable pursuant to Section 17-134, and assuring resolution of reported payroll and contribution deficiencies.
40 ILCS 5/17-132(d)

65. NLCP designated Defendant SIMUNOVIC as its "Pension Officer," as that term is used in the Illinois Pension Code, 40 ILCS 5/17-132(d), for some or all of the period for which NLCP had an obligation to the Fund.

66. Finally, the Illinois Pension Code authorizes the Fund to audit a charter school Employer to verify the accuracy of the payroll records submitted and the contributions deducted and paid to the Fund, and to file suit in state court to collect delinquent contributions. The Code further provides that an Employer may be required to pay the Fund's reasonable expenses, including attorney's fees, incurred in collection procedures, including litigation. Section 17132(e) of the Illinois Pension Code provides:

67. The Board [of Trustees of the Fund] has the authority to conduct payroll audits of a charter school to determine the existence of any delinquencies in contributions to the Fund, and such charter school shall be required to provide such books and records and contribution information as the Board [of Trustees of the Fund] or its authorized representative may require. The Board [of Trustees of the Fund] is also authorized to collect delinquent contributions from charter schools and develop procedures for the collection of such delinquencies. Collection procedures may include legal proceedings in the courts of the State of Illinois. Expenses, including reasonable attorneys' fees, incurred in the collection of delinquent contributions may be assessed by the Board [of Trustees] against the charter school. 40 ILCS 5/17-132(e)

FILED DATE: 8/5/2024 11:53 AM  2024L006012

68. NLCP has failed to comply with its obligations under the Illinois Pension Code.

69. The PENSION FUND has failed to conduct an audit of NLCP and or demand an accounting to be provided by NLCP for STONE and other teachers, administrators or employees for whom pension benefits for which NLCP deducted or should have deducted, contributions from the teacher's salary.

70. PENSION FUND records establish that NLCP did not remit the deducted sums to the Fund.

## COUNT I
## AGAINST NLCP, PAYCOR AND ALL INDEPENDENT DEFENDANTS FOR THE DELINQUENT PENSION CONTRIBUTIONS OWED FOR STONE FOR THE PERIOD August 1, 2021, THROUGH JANUARY 31, 2023

71. Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

72. STONE'S W-2-year end statements prepared by PAYCOR for the years 2021, 2022 and 2023 failed to correctly detail Pension contributions deducted from STONE'S salary as a NLCP licensed teacher.

**73.** PAYCOR failed to produce accurate W-2-year end statements for STONE as relates to STONE'S required deductions for pension contributions in accordance with the agreement between NLCP and STONE, NLCP and the PENSION FUND and other applicable State of Illinois codes, statutes, rules and regulation.

**74.** NLCP failed to pay the PENSION FUND pension contributions for STONE in the total amount of 9% of STONE'S salary as a licensed teacher employed by NLCP (2% deduction from STONE'S salary and 7% contribution from NLCP) for the years 2021, 2022, and 2023.

FILED DATE: 8/5/2024 11:53 AM    2024L006012

**75.** SIMUNOVIC as the "certifying officer" for pension contribution payments failed to treat pension contributions made by or on behalf of STONE in a fiduciary manner and failed to make the annual pension contribution payments to PENSION FUND as required for all licensed teachers working in the State of Illinois in accordance with both state and federal laws.

76. The individual members of the BOARD, in addition to SIMUNOVIC, are equally responsible to STONE for the failure to make the pension contribution payments to the PENSION FUND on behalf of STONE

WHEREFORE, Plaintiff STONE requests the following relief on Count I:

(A)     A judgment in Plaintiff's favor and against Defendants NLCP, all Individually named Defendants and the Pension Fund, jointly and severally, to the fullest extent allowed by law, in the amount to be determined by this court; (ii) plus the principal contribution amounts to be determined upon the completion of the expanded audit of NLCP campuses; (iii) plus interest, liquidated damages, penalties, and late fees on all of the foregoing amounts.

(B)     Attorney's fees and costs, including audit costs, incurred by Plaintiff in connection with this action.

(C)     That the Court retain jurisdiction of this cause pending compliance with its orders.

(D)     For such further or different relief as this Court may deem proper and just.

## COUNT II
## BREACH OF FIDUCIARY DUTIES AGAINST
## NLCP, ALL INDIVIDUAL DEFENDANTS, AND THE PENSION FUND

77. Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

78. The Trustees of the PENSION FUND are fiduciaries and parties in interest as those terms are defined by the Illinois Pension Code, 40 ILCS 5/1-101.2, 5/1-101.3, 5/1-109,

FILED DATE: 8/5/2024 11:53 AM   2024L006012

and are authorized to commence a civil action in order to obtain appropriate relief for breach of fiduciary duty, to enjoin any act or practice which violates any provision of the Illinois Pension Code, or to obtain other appropriate equitable relief to redress any such violation or to enforce any such provision of the Code. 40 ILCS 5/1-115.

79. The Trustees of the PENSION FUND breached their fiduciary duties when they failed to conduct an audit in accordance with the Illinois Pension Code on behalf of STONE, even after they were advised that pension funds had been collected but not paid on behalf of STONE, and possible other NLCP employees for the years 2021, 2022, and 2023.

80. NLCP, as an Employer in possession of member contributions deducted from payroll records holds PENSION FUND assets, and thus becomes a fiduciary over those assets. 40 ILCS 5/17-132(b).

81. NLCP breached their fiduciary duties owed to STONE when they failed and refused to pay funds to the PENSION FUND on behalf of STONE and other NLCP licensed employees.

82. The individual members of the BOARD, in addition to SIMUNOVIC, breached their fiduciary duties owed to STONE when they failed and refused to pay monies to the PENSION FUND collected on behalf of STONE and other NLCP licensed employees.

WHEREFORE, Plaintiff STONE requests the following relief on Count II:

(A)     A judgment in Plaintiff's favor and against Defendants NLCP, all Individually named Defendants and the Pension Fund, jointly and severally, to the fullest extent allowed by law, in the amount to be determined by this court; (ii) plus the principal contribution amounts to be determined upon the completion of the expanded audit of NLCP campuses; (iii) plus interest, liquidated damages, penalties, and late fees on all of the foregoing amounts.

FILED DATE: 8/5/2024 11:53 AM   2024L006012

(B)     Attorney's fees and costs, including audit costs, incurred by Plaintiff in connection with this action.

(C)     That the Court retain jurisdiction of this cause pending compliance with its orders.

(D)     For such further or different relief as this Court may deem proper and just.


### COUNT III
### FRAUD
### AGAINST PAYCOR

83. Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

84. PAYCOR was responsible for STONE'S onboarding process wherein certain withholdings and deductions were determined including STONES benefits, rate of pay, number and type of deductions, including deductions for health, life insurance, pension and other benefits, the number and type of dependents claimed, all in an effort to process STONES'S paychecks and end of year W-2 Statement of Wages.

85. STONE'S W-2 forms were distributed to STONE as well as to the federal and state taxing authorities.

86. The salary paid to STONE as reflected in her paystubs, W-2 forms and reflection of pension benefits prepared and distributed by PAYCOR were inaccurate and were false.

87. PAYCOR intended that all parties receiving STONE'S payroll documents would rely on said documents as a true and accurate reflection of STONE'S income, taxes paid or owed, and benefits, including pension, paid to or on her behalf for the years 2021, 2022, and 2023.

88. PAYCOR knew or should have known that the paychecks prepared for STONE, as well as her W-2's and pension benefits reflected in the payroll documents PAYCOR prepared for STONE were in fact, false, inaccurate and incorrect

89. STONE relied to her detriment on the false documents prepared by PAYCOR.

90. As a result, STONE was injured in many ways, including but not limited to:

    a.       STONE did not receive monies due and owing to her for her salary,

    b.       STONE lost interest income related to her pension benefits that were not accurately reflected and were not paid into the PENSION FUND at the time and in the proper manner, and

    c.       STONE was precluded from timely filing her state and federal tax returns because her W-2's were incorrect and PAYCOR refused to correct them

WHEREFORE, Plaintiff requests the following relief on Count III:

(A)    A judgment in Plaintiffs favor and against Defendant PAYCOR, to the fullest extent allowed by law, to be determined by this court; (ii) plus the principal contribution amounts to be determined upon the completion of the expanded audit of PAYCOR and NLCP campuses; plus interest and penalties.

(B)    Attorney's fees and costs, including audit costs, incurred by Plaintiff in connection with this action;

(C)    That the Court retain jurisdiction of the cause pending compliance with its orders; and

(D)    For such further or different relief as the Court may deem proper and just.

### COUNT IV
### FRAUD
### AGAINST NLCP AND ALL INDIVIDUAL DEFENDANTS

91. Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

21

FILED DATE: 8/5/2024 11:53 AM  2024L006012

92. NLCP and all INDIVIDUAL DEFENDANTS were responsible for ensuring that STONE was paid in accordance with her employment agreement and the additional duties and responsibilities for which she was assigned and was entitled to be compensated.

93. NLCP and all INDIVIDUAL DEFENDANTS were also responsible for ensuring that STONE'S pension funds were properly handled, i.e. paid to the PENSION FUND within 30 days of the end of the school years 2021 and 2022, for which the pension funds were earned.

94. SIMUNOVIC as the "certifying officer" for pension contribution payments failed to make the pension funds payments on behalf of STONE, and other NLCP licensed teachers, administrators, etc, for at least the years 2021, 2022, and 2023.

95. Nevertheless, SIMUNOVIC certified certain documents including but not limited to the Corporate Annual Report for Illinia Not for Profit Corporations, Illinois AG 990 form, that there was not, or that she had no knowledge of kickbacks, bribes, or theft, defalcation, misappropriation, co-mingling or misuse of organizational funds, i.e. that said pension fund payments had been made.

96. At the time SIMUNOVIC made the statements related to the pension fund payments, SIMUNOVIC knew or should have known that the statements made related to the pension funds were false.

97. SIMUNOVIC intended that the false statement made as the "certifying officer" would be relied upon by all parties receiving the statements, reports, etc, including all parties responsible for re-certifying NLCP as a Charter School, including but not limited to Chicago BOE, the IRS, and Illinois Department of Revenue.

FILED DATE: 8/5/2024 11:53 AM   2024L006012

98. As a result of Defendants fraudulent actions, STONE was injured in many ways, including but not limited to:

    a.    STONE did not receive monies due and owing to her for her salary,

    b.    STONE lost interest income related to her pension benefits that were not accurately reflected and were not paid into the PENSION FUND at the proper time and in the proper manner, and

    c.    STONE was precluded from timely filing her state and federal income tax returns for the years 2021 and 2022 because her W-2's were incorrect and PAYCOR refused to correct them

WHEREFORE, Plaintiff requests the following relief on Count IV:

(A).  A judgment in Plaintiffs favor and against all INDIVIDUAL DEFENDANTS and NLCP, jointly and severally, to the fullest extent allowed by law, to be determined by this court; (ii) plus the principal contribution amounts to be determined upon the completion of the expanded audit of NLCP campuses; plus interest and penalties;

(B).  Attorney's fees and costs, including audit costs, incurred by Plaintiff in connection with this action;

(C).  That the Court retain jurisdiction of the cause pending compliance with its orders; and

(D).  For such further or different relief as the Court may deem proper and just.

## COUNT V
## AGAINST NLCP, PAYCOR and THE TRUSTEES OF PENSION BOARD FOR AN ACCOUNTING

99. Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

100.    Section 17-130 of the Illinois Pension Code, 40 ILCS 5/17-130, provides for the deduction from each Covered Employee's salary in the form of contribution to the

FILED DATE: 8/5/2024 11:53 AM    2024L006012

Fund in the total amount of 9% of their periodic salary paid.   Seven (7%) is the "employer's share of the contribution funded entirely by the employer. Two (2%) is the employee's share of the contribution that may or may not be funded by the employer.  Taking together, the 9% must be collected and segregated by the employer, for each licensed teacher for each periodic pay period, to be paid to the Chicago Teachers Pension Fund Board of Trustees once annually, along with an attestation by the "Certifying Officer," that all amounts for all licensed teachers has been collected and tendered.

101.     The Board of Trustees of the Chicago Teachers Pension Fund is a body politic and corporate with the authority to administer the Public-School Teachers' Pension and Retirement Fund of Chicago and with the authority to bring legal proceedings on behalf of the Fund. 40 ILCS 5/17-104, 5/17-137, 5/17-147.  The trustees maintain and administer the Fund in accordance with Article 1 and Article 17 of the Illinois Pension Code, 40 ILCS 5/1-101 and 40 ILCS 5/17-101 at its administrative office and its principal and exclusive office in Chicago, Cook County, Illinois.

102.     The Board of Trustees of the Chicago Teachers Pension Fund, through its general counsel, informed STONE, through her attorney, that no pension contributions were remitted for Stone for the period payrolls during the 2021 calendar year or the 2022 calendar year, with information and belief, by NLCP's certifying officer, . SIMUNOVIC

103.     The PENSION FUND has failed and refused to order or conduct an audit of NLCP or to initiate legal proceedings against NLCP or any of its personnel, including SIMUNOVIC or any of NLCP BOARD members.

WHEREFORE. WHEREFORE, Plaintiff requests the following relief on Count 11:

(A)    An Order requiring Defendant NLCP. to comply with the terms of the Illinois Pension Code and directing Defendant NLCP. to permit Plaintiff's representative to conduct an audit of Defendant NLCP 's books and records for the NLCP Christiana campus for the periods beginning with the first payroll period for STONE at the NLCP campus through January 31, 2023, at Defendant NLCP 's place of business (or other mutually agreed upon location) and to provide Plaintiffs representatives with the names, current addresses, and social security numbers of the employees, hours worked by each employee, and the amounts paid to each employee, together with any other such documentation as may be required by Plaintiffs representatives to verify said information and any other information that is reasonably required by the Board of Trustees of the Fund in connection with the proper administration of the Fund.

(B)    A judgment in Plaintiff's favor and against Defendant NLCP. to the fullest extent allowed by law for:

  (i)    All the delinquent contributions that are owed to the Fund;

  (ii)    Penalties in the amount of $100 per day for each day that a required certification and submission was late;

  (iii)    Interest on the delinquent contributions;

  (iv)    Liquidated damages in the amount of $100 per day, not to exceed 20% of the principal contributions due; and

  (v)    Attorney's fees and costs, including audit costs, incurred by Plaintiff in connection with this action.

(C)    That this Court retain Jurisdiction of this cause pending compliance with its orders.

(D)    For such further or different relief as this Court may deem proper and just.

## COUNT VI
## AGAINST NLCP AND PAYCOR FOR VIOLATION OF
## THE ILLINOIS WHISTLEBLOWER'S ACT

FILED DATE: 8/5/2024 11:53 AM 2024L006012

104.     Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

105.     Section 704 ILCS 174/1 of the Illinois Whistleblower's Act, provides that:

(740 ILCS 174/10)

   Sec. 10. Certain policies prohibited. An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

(Source: P.A. 93-544, eff. 1-1-04.)


106.     Section 704 ILCS 174/15 of the Illinois Whistleblower's Act, provides that:

(740 ILCS 174/15)
   Sec. 15. Retaliation for certain disclosures prohibited. An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.
(Source: P.A. 93-544, eff. 1-1-04.)

107.     Section 704 ILCS 174/20 of the Illinois Whistleblower's Act, provides that:

(740 ILCS 174/20)     Sec. 20. Retaliation for certain refusals prohibited. An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

(Source: P.A. 93-544, eff. 1-1-04.)


108.     NLCP is an employer within the meaning of the Illinois Whistleblower's Act.

109.     STONE is an employee within the meaning of the Illinois Whistleblower's Act.

110.     As an NLCP employee a teacher with a license must be paid pension benefits.

111.     NLCP acknowledged receipt of STONE'S licensure.

112.     NLCP deducted pension funds for STONE, which funds were to be paid to the

Chicago Teacher's pension Fund, on behalf of STONE.

113.     Upon information and belief, no pension fund payments were made to the Chicago Teacher's Pension Fund between the time period August 1, 2021, to January 31, 2023 on behalf of STONE and other NLCP teachers.

114.     As a NLCP teacher, STONE was to be paid salary/wages in accordance with her employment contract and duties and responsibilities she performed for NLCP.

115.     NLCP was required by state and federal regulations to issue STONE check stubs and W-2 forms that correctly reflected the payments STONE was entitled to receive for the work she performed for NLCP.

116.     During all times relevant to this complaint, NLCP utilized the payroll services of PAYCOR, to handle all payroll functions including but not limited to: choose a pay schedule: determine employee pay information: set up pay rates, benefits, deductions, and calculate taxes and withholdings; calculate employee hours: keep track of the number of hours each employee works and import timesheets if using time and attendance software; review the pay run: double-check the numbers, including employees' net pay and the company's total cash requirements; pay taxes: withhold and remit payroll taxes and federal income tax based on various factors; withhold and remit other benefits, including pension funds; schedule and deposit taxes on time to avoid penalties; deliver pay: distribute paychecks or initiate direct deposits, run reports and maintain records: Keep detailed records of hours worked, overtime, and wages to comply with regulations and track payroll information; complete year-end requirements; and at year-end, provide necessary forms to employees i.e. a W-2 Statement of Wages or a 1099-MISC).

FILED DATE: 8/5/2024 11:53 AM    2024L006012

117.    Over the time period in which STONE and other NLCP teachers were employed by NLCP, STONE and other NLCP teachers received incorrect pay stubs and W-2 forms from NLCP and/or PAYCOR.

118.    Funds deducted from STONE' salary as and for pension contributions were not deducted from STONES'S pay, and or were deducted and not transferred to the Chicago Teacher's Pension Fund as required by the CBOE, the Charter Agreement and Illinois Pension Code

119.    On numerous occasions STONE complained to NLCP management, including but not limited to HR and the CEO.

120.    STONE was excluded from payment of pension fund benefits and denied her request to receive corrected W-2 tax forms even though NLCP acknowledged receipt of STONES licensure.

121.    Plaintiff believed the above-described actions on the part of NLCP and PAYCOR were unethical and a violation of the law.

122.    NLCP initiated a materially adverse employment action against STONE when they terminated STONE'S employment on or about December 15, 2022.

123.    PAYCOR initiated a materially adverse employment action against STONE when they intentionally blocked her access to her payroll records.

124.    Said materially adverse employment actions was retaliation for STONE'S complaints about the above-described actions she believed to be improper, unethical and illegal, i.e. failure to pay STONE in the correct amounts, provide her with accurate paystubs and W-2 Statement of Wages, failure to make proper pension deductions, including employee and employer contributions, failure to timely make pension

FILED DATE: 8/5/2024 11:53 AM 2024L006012

contributions to the PENSION FUND, failure to allow her access to her payroll records, and finally a retaliatory termination..

125.     Plaintiff has suffered damages because of NLCP'S and PAYCOR'S adverse employment actions against her.

WHEREFORE, STONE requests that this Court enter judgment in her favor and against NLCP and PAYCOR as follows:

(A).     A declaratory judgment that NLCP and PAYCOR have violated the Illinois Whistleblower Act;

(B).     An order requiring NLCP to return STONE to employment;

(C).     Reinstatement with the same seniority status that the employee would have had, but for the violation;

(D).     Back pay, with interest;

(E).     Compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees; and

(F).     Such other and further relief as the Court deems just and proper.

### COUNT VII
### AGAINST NLCP
### VIOLATION OF ILLINOIS HUMAN RIGHTS ACT
### DISCRIMINATION BASED UPON AGE

126.     Plaintiff restates and realleges the allegations contained in Paragraphs 1- 70.

127.     STONE'S year of birth is 1981.

128.     STONE was discriminated against by NLCP based upon her age in that similarly situated individuals who were significantly younger than STONE were treated differently, as enumerated above, including but not limited to:

a.     denied her access to the "30-60-90" Program.

FILED DATE: 8/5/2024 11:53 AM    2024L006012

b.      continued to add additional work responsibilities for which she was not paid;

c.      required her to handle many more responsibilities that her younger similarly situated co-workers; and

d.      disciplined her up to and including termination for activities which her younger similarly situated co-workers did not receive discipline or termination.

129.    STONE timely filed a charge of discrimination with the EEOC and has received a right to sue letter.  This lawsuit is timely filed in accordance with the EEOC's right to sue letter. (Said Right to Sue Letter is attached hereto as Exhibit "D"

WHEREFORE, Plaintiff LAKEISHA STONE, prays that this court enters an order granting the following relief:

(A).    Awarding compensatory damages in an amount over $50,000.00

(B).    Awarding punitive damages in an amount over $50,000.00.

(C).    Ordering NLCP to reinstate STONE to the position she would have held, if not for the Defendants discriminatory conduct.

(D).    Enjoining NLCP from engaging in similar civil rights violations.

(E).    Awarding reasonable attorney's fees.

(F).    Awarding any further or different relief that this court deems just and proper.

## COUNT VIII
## VIOLATION OF ILLINOIS HUMAN RIGHTS ACT
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
## AGAINST NLCP

130.    Plaintiff STONE incorporates the preceding paragraphs 1-70 and further alleges as follows:

131.    Plaintiff STONE engaged in protected activity when she complained about discrimination and harassment based on age.

30

132.      In retaliation for Plaintiff's complaints, NLCP disciplined and terminated her.

133.      There was a causal connection between STONE'S complaints and the materially adverse actions taken against STONE by NLCP.

134.      The retaliation endured by STONE would dissuade a reasonable employee from making complaints of discrimination and harassment.

135.      NLCP retaliated against STONE for engaging in protected activity in violation of the Illinois Human Rights Act.

136.      STONE timely files this complaint in accordance with a duly issued Notice of Right to Sue Letter. (See attached Exhibit "D")

WHEREFORE, Plaintiff LAKEISHA STONE, prays that this court enter an order granting the following relief"

(A).      Awarding compensatory damages in an amount over $50,000.00

(B).      Awarding punitive damages in an amount over $50,000.00.

(C).      Ordering NLCP to reinstate STONE to the position she would have held, if not for the Defendants discriminatory conduct.

(D).      Enjoining NLCP from engaging in similar civil rights violations.

(E).      Awarding reasonable attorney's fees.

(F) .      Awarding any further or different relief that this court deems just and proper.

### COUNT IX
### AGAINST NLCP
### VIOLATION OF ADEA

137.      Plaintiff incorporates the preceding paragraphs 1-70.

FILED DATE: 8/5/2024 11:53 AM 2024L006012

FILED DATE: 8/5/2024 11:53 AM    2024L006012

138.     STONE engaged in protected activity when she complained about discrimination and harassment based on age, namely STONE complained that during her employment that she was treated less favorably than similarly situated younger employees, subjected to different terms and conditions of employment, assigned many more duties for which she did not receive additional pay, and that she was excluded from the Defendants "30'60'90" programs. Subsequently, on or about December 15, 2022, STONE was discharged.

139.     In retaliation for STONE'S complaints, NLCP disciplined and terminated her.

140.     There was a causal connection between Plaintiff's complaints and the materially adverse actions taken against STONE by NLCP.

141.     The retaliation endured by STONE would dissuade a reasonable employee from making complaints of discrimination and harassment.

142.     NLCP retaliated against STONE for engaging in protected activity in violation of the Age Discrimination in Employment Act.

143.     Plaintiff timely files this complaint in accordance with a duly issued Notice of Right to Sue Letter. (See attached Exhibit "D")

WHEREFORE, Plaintiff LAKEISHA STONE, prays that this court enters an order granting the following relief"

(A).     Awarding compensatory damages in an amount over $50,000.00

(B).     Awarding punitive damages in an amount over $50,000.00.

(C).     Ordering Defendant to reinstate STONE to the position she would have held, if not for the Defendants discriminatory conduct.

(D).     Enjoining Defendants from engaging in similar civil rights violations.

FILED DATE: 8/5/2024 11:53 AM    2024L006012

(E).    Awarding reasonable attorney's fees.

(F).    Awarding any further or different relief that this court deems just and proper.

**COUNT X**
**NEGLIGENCE**
**AGAINST NLCP, PAYCOR AND ALL INDIVIDUAL DEFENDANTS**
**(filed in the alternative to COUNTS VII, VIII, AND IX)**

144.    Plaintiff incorporates the preceding paragraphs 1-70.

145.    Plaintiff STONE and Defendants NLCP, PAYCOR, and all INDIVIDUAL DEFENDANTS were employee and employer, and as such stood in relationship to one another such that the law imposed upon NLCP, PAYCOR and the INDIVICUAL DEFENDANTS a duty of reasonable care STONE.

146.    As STONE'S employer, NLCP, PAYCOR, and all INDIVIDUAL DEFENDANTS owed STONE a duty of reasonable care to:

a.    pay STONE regularly, fairly and in the correct amount;

b.    properly report earnings, withholdings and deductions and to provide a correct and timely W-2 Statement of Earnings to STONE'

c.    treat STONE fairly;

d.    no to discriminate against STONE;

e.    not to harm STONE through carelessness; and

f.    to avoid acts or omissions which injury to STONE could reasonably be foreseen.

147.    As STONE'S employer, NLCP, PAYCOR, and all INDIVIDUAL DEFENDANTS owed STONE an ethical duty to:

FILED DATE: 8/5/2024 11:53 AM    2024L006012

    a.      to be a responsible employer including providing a safe workplace, compensating STONE fairly, treating STONE with a sense of dignity and equality, while respecting a minimum of privacy; and

    b.      to model ethical behavior by not violating the law or company policy

148.     Defendants NLCP, PAYCOR, and all INDIVIDUAL DEFENDANTS breached that duty of reasonable care when they, inter alia:

    a.      failed to pay STONE regularly, fairly and in the correct amount;

    b.      failed to properly report earnings, withholdings and deductions and to provide a correct and timely W-2 Statement of Earnings'

    c.      failed to treat STONE fairly;

    d.      discriminated against STONE based upon her age and retaliated against her for participating in a protected activity; and

    e.      harmed STONE through carelessness and acts and/or omissions which could reasonably be foreseen to cause injury to STONE;

    f.      failed to avoid acts or omissions in which injury to STONE was reasonably foreseeable.

149.     Defendants NLCP, PAYCOR, and all INDIVIDUAL DEFENDANTS breached that ethical duty when they, inter alia:

    a.      failed to be a responsible employer which included providing a safe workplace, compensating STONE fairly, treating STONE with a sense of dignity and equality, while respecting a minimum of privacy; and

    b.      failed to model ethical behavior by violating the law and company policy.

FILED DATE: 8/5/2024 11:53 AM  2024L006012

150.     STONE suffered injury including lost gross and net income, loss of pension income, penalties for the delay caused in filing her state and federal income taxes because her W-2 were incorrect; physical and emotional distress, all proximately caused by the breach of the duty owed to the Plaintiff.

WHEREFORE, Plaintiff, STONE, request this Court to enter judgement order against the defendants, NLCP, PAYCOR, and each of the individually named Defendants, as follows:

(A).     Damages in an amount to be determined by this Court;

(B).     That Plaintiff be awarded costs and legal fees expended to redress this wrong

(C).     For such other and further relief as this Court deems just and proper.

## COUNT XI
## GROSS NEGLIGENCE – WILFUL AND WONTON INTENTIONAL MISCONDUCT
## AGAINST NLCP, PAYCOR AND ALL INDIVIDUAL DEFENDANTS
### (filed in the alternative to COUNTS VII, VIII, AND IX)

151.     Plaintiff incorporates the preceding paragraphs 1-70 and 147-153.

152.     The defendants' conduct was willful and wanton and with total disregard for STONE'S rights.

153.     STONE repeatedly informed defendants of the errors and omissions related to her periodic paychecks and her W-2 Statement of Earnings.

154.     Even after STONE and her agents informed the defendants of the omissions and errors, Defendants and each of them ignored STONE and failed and refused to correct the incorrect, and fraudulent documents.

FILED DATE: 8/5/2024 11:53 AM  2024L006012

155.    Not only did PAYCOR fail and refuse to correct the incorrect W-2 Statement of Earnings after being informed of the problems with the documents they produced, PAYCOR subsequently cut STONE'S access to their system, as a further retaliation for STONE'S complaints.

156.    Sometime in 2024 SIMUNOVIC sent STONE an undated letter wherein SIMUNOVIC states that pension contributions have been made on behalf of STONE for the tax years 2022 and 2023; however, the amounts of the pension contributions are unsupported, appear to be incorrect, and make no mention of the pension contributions for the year 2021.

157.    The failure of the NLCP's to intervene with PAYCOR, NLCP'S agent servant and or employee, to intervene on STONE'S behalf, and to stop the inaccurate paychecks and to correct the incorrect W-2's being generated by PAYCOR related to STONE'S payroll when SIMUNOVIC, and the individually named Defendants had the ability and obligation to do so, is further evidence of a deliberate intention to harm the STONE and or conscious disregard for STONE'S welfare, and her property rights.

158.    The individually named Defendants and NLCP are vicariously liable for the gross negligence of PAYCOR because the individually named Defendants and NLCP knew of PAYCOR'S actions related to STONE'S paychecks and her W-2's, and authorized and or ratified the wrongful and harmful activities related to STONE'S payroll.

159.    Said tortious actions by PAYCOR were within the scope of their employment by NLCP and the individually named Defendants.

FILED DATE: 8/5/2024 11:53 AM    2024L006012

160.      WHEREFORE, Plaintiff, STONE, request this Court to enter judgement order against the defendants, NLCP, the individually named defendants, and PAYCOR and each of them, individually, as follows:

(A).      Damages in an amount to be determined by this Court;

(B) .     That Plaintiff be awarded costs and legal fees expended to redress this wrong;

(C)      Punitive damages in an amount to be determined by this Court; and

(D) .    For such other and further relief as this Court deems just and proper

### COUNT XII
### AGAINST NLCP
### BREACH OF EMPLOYMENT CONTRACT
### Filed in the alternative to Counts VII, VIII, and IX

161.      Plaintiff incorporates the preceding paragraphs 1-70.

162.      STONE entered into an employment contract with NLCP that provided payment for the academic school year 2021-2022 at annual salary of $65,323.00. (See employment contract attached hereto as Exhibits "A")

163.      The employment contract prepared and submitted to STONE for the school year 2021 was an offer. STONE accepted the offer made by NLCP. The consideration for the contract was the annual salary of $65,323.00.

164.      A valid contract exists for the school year 2021-2022 between NLCP and SSTONE

165.      STONE entered into an employment contract with NLCP that provided payment for the 2022-2023 academic school year at the annual salary of $74,907.00 (See employment contract attached hereto as Exhibit "B")

FILED DATE: 8/5/2024 11:53 AM 2024L006012

166.     The employment contract prepared and submitted to STONE for the school year 2022-2023 was an offer.  STONE accepted the offer made by NLCP.  The consideration for the contract was the annual salary of $74,807.00

167.     STONE has performed all of the duties she was assigned to perform in accordance with the employment contract for the 2021-2022 school year.

168.     STONE has performed all of the duties she was assigned to perform in accordance with the employment contract for the 2022-2023 school year until the day of her termination.

169.     NLCP failed and refused to pay STONE as agreed for the years 2021-2022 and 2022-2023.

170.     NLCP breached the contract entered into by and between NLCP and STONE for the school year 2021-2022.

171.     NLCP breached the contract entered into by and between NLCP and STONE for the school year 2022-2023.

172.     STONE has suffered damages because of NLCP'S failure to pay STONE as promised, including but not limited to lost wages, lost pension income and problems associated with incorrect payroll documents produced by NLCP for each of the years 2021, 2022, and 2023.

WHEREFORE, Plaintiff, STONE, request this Court to enter judgement order against the defendants, NLCP, as follows:

(A).     Damages in an amount to be determined by this Court;

(B).     That Plaintiff be awarded costs and legal fees expended to redress this wrong; and

(C).     For such other and further relief as this Court deems just and proper.


                                          Respectfully submitted,


                                          /s/ C.J. Frederick
                                          Calvita J. Frederick
                                          Attorney for LAKEISHA STONE

Calvita J. Frederick
Attorney for Plaintiff
Post Office Box 802976
Chicago, Illinois 60680-2976
(312) 421-5544
Attorney ID # 52290



## VERIFICATION BY CERTIFICATION

Under penalties as provided by the law pursuant to Section 1-109, Illinois Code of Civil

Procedure, that the information contained in the foregoing pleading is true and correct, except of

matter alleged upon information and belief, which matter, the undersigned believes to be true.


DATED ___August 5, 2024_____          /s/ _LaKeisha Stone_____
                                          LaKEISHA STONE

                                          /s/ Calvita Frederick_____
                                          Calvita J. Frederick
                                          Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAKEISHA STONE,

                Plaintiff,

v.

NORTH LAWNDALE COLLEGE
PREPERATORY CHARTER HIGH
SCHOOL; BOARD OF DIRECTORS
OF NORTH LAWNDALE COLLEGE
PREPARATORY CHARTER HIGH
SCHOOL; JENNA CUNNINGHAM-
ELDER, in her Ind Capacity as Chief Execu-
tive Officer; ERIN SIMUNOVIC, in her
Ind Capacity as CEO; GARLAND LOUIS
THOMAS-McDADE, in his Ind Capacity
as Board Member; BRUCE MILLER, in his
Ind Capacity as Board Member; ALLEN
BENNETT, in his Ind Capacity as Board
Member; ROBIN STEANS, in her Ind Ca-
pacity as Board Member; JIM MINIS, in his
Ind Capacity as Board Member; DR. KIM
HINTON, in her Ind Capacity as Board
Member; WILONDA CANNON, in her
Ind Capacity as Board Member; CARRIE
STEWART, in her Ind Capacity as Board
Member; PAYCOR, INC.; and THE
BOARD OF TRUSTEES OF THE
PUBLIC SCHOOL TEACHERS' PEN-
SION AND RETIREMENT FUND OF
CHICAGO,

                Defendants.

Case No. 1:24-cv-11350

## <u>NOTICE OF REMOVAL</u>

    **Please take notice** that Defendant Paycor, Inc., by and through its undersigned counsel,

and with the consent of Defendant the Board of Trustees of the Public School Teachers' Pension

EXHIBIT B

and Retirement Fund of Chicago (the "Pension Fund"), hereby removes to this Court the state-court action described below, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

1.      On June 3, 2024, Plaintiff Lakeisha Stone filed a verified complaint in the Circuit Court of Cook County, Illinois captioned *Lakeisha Stone v. North Lawndale Preperatory [sic] Charter High School et al.*, No. 2024 L 006012. On August 5—before service of the initial complaint was effected on any Defendant—Stone filed an amended complaint containing 12 counts.

2.      One of the counts arises under the laws of the United States because it alleges a violation of federal law—the Age Discrimination in Employment Act.

3.      A true and accurate copy of the amended state-court complaint is attached hereto as **Exhibit A**. Also attached are the exhibits to the complaint (**Exhibit B**) and the affidavits of service filed on the state-court docket for Defendants Paycor (**Exhibit C**) and the Pension Fund. (**Exhibit D**). The remaining Defendants have not yet been served.

4.      A copy of the online state-court docket for this case (downloaded on November 4, 2024) is attached as **Exhibit E**.

5.      The amended state-court complaint asserts claims for:

    A.      **Violation of the federal Age Discrimination in Employment Act** against North Lawndale College Preparatory Charter High School ("NLCP");

    B.      **Delinquent pension contributions** against NLCP, Paycor, and the individual Defendants[1];

    C.      **Breach of fiduciary duties** against NLCP, the individual Defendants, and the Pension Fund;

---

[1] The amended state-court complaint uses the terms "Independent Defendants" and "Individual Defendants." It appears that these terms are meant to include Defendants Cunningham-Elder, Simunovic, Thomas-McDade, Miller, Bennett, Steans, Minis, Hinton, Cannon, and Stewart. It is unclear if these terms also include the Board of NLCP, which is separately named as a Defendant.

D. **Fraud** against Paycor;

E. **Fraud** against NLCP and the individual Defendants;

F. **An accounting** against NLCP, Paycor, and the Pension Fund;

G. **Violation of the Illinois Whistleblower Act** against NLCP and Paycor;

H. **Discrimination in violation of the Illinois Human Rights Act** against NLCP;

I. **Retaliation in violation of the Illinois Human Rights Act** against NLCP;

J. **Negligence** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants;

K. **Gross negligence** (in the alternative to Counts VII, VIII, and IX) against NLCP, Paycor, and the individual Defendants; and

L. **Breach of contract** (in the alternative to Counts VII, VIII, and IX) against NLCP.

(Ex. A, Verif. Am. Compl. ("Compl.") ¶¶ 71–172.)

6.     The first date on which Paycor received a copy of the complaint was October 4, 2024, when it was served with copies of the summons and the amended state-court complaint. (*See* Ex. C.)

7.     This removal is timely under 28 U.S.C. § 1446(b) because it is within 30 days of the date Paycor received the complaint and is also within 30 days of the date on which Paycor first had notice that the case was removable. *See also* Fed. R. Civ. P. 6(a)(1).

8.     This Court has original jurisdiction over this action pursuant to the Court's federal-question jurisdiction. *See* 28 U.S.C. § 1331. This action may be removed to this Court pursuant to the provisions of § 1441 because Plaintiff asserts a federal claim.

9.     Specifically, Count IX of the amended state-court complaint asserts a claim of discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 621 *et seq.* (Compl. ¶¶ 137–43.)

10.     The Court has supplemental jurisdiction over the remaining claims in the amended state-court complaint, as they arise out of the same case or controversy as Plaintiff's ADEA claim. *See* 28 U.S.C. § 1367(a).

11.     All Defendants who have been properly joined and served at the time of the filing of this notice of removal have consented to removal, in compliance with 28 U.S.C. § 1446(b)(2)(A). The only Defendants who have been properly joined and served at the time of the filing of this notice of removal are Paycor and the Pension Fund.

12.     Counsel for the Pension Fund has confirmed in writing that the Pension Fund consents to removal. (**Ex. F**.)

13.     According to the state court's docket, as of the date of this filing, NLCP, its Board of Directors, and the individual Defendants have not yet been served in the state-court action. Thus, they need not join this notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A). In any event, counsel for Paycor has consulted with counsel for NLCP, its Board of Directors, and the individual Defendants, who have confirmed that they consent to the filing of this notice of removal.

14.     Written notice of the filing of this notice of removal will be given to Plaintiff and the other Defendants as required by law.

15.     A true and accurate copy of this notice of removal will be filed in the Clerk's Office of the Circuit Court of Cook County, Illinois.

**Wherefore**, Defendant Paycor hereby removes this action from the Circuit Court of Cook County to this Court.

Date: November 4, 2024

Respectfully submitted,

PAYCOR, INC.

/s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Calvita J. Frederick
Calvita J. Frederick & Associates
P.O. Box 802976
Chicago, IL 60680-2976
Tel.: (312) 421-5544
Fax: (312) 277-7190
cjf@cjfredericklaw.com
*Counsel for Plaintiff*

Joseph P. Roddy
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, IL 60611-3607
Tel.: (312) 840-7000
jroddy@burkelaw.com
*Counsel for the Pension Fund*

Jason T. Manning
Kevin P. McKeown
Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: November 4, 2024

/s/ Benjamin S. Morrell

# Exhibit F

**Morrell, Benjamin S.**

---

| | |
|---|---|
| **From:** | Joseph P. Roddy <JRoddy@burkelaw.com> |
| **Sent:** | Tuesday, October 29, 2024 9:07 AM |
| **To:** | Morrell, Benjamin S.; Herzig, Aaron M. |
| **Cc:** | Jason T. Manning; Kevin P. McKeown |
| **Subject:** | RE: Lakeisha Stone v. North Lawndale College Prep High School, et al., Case No. 2024 L 006012, Circuit Court of Cook County, Law Division |

Aaron/Ben – the Chicago Teachers' Pension Fund consents to Paycor's filing of a motion to remove the above matter to Federal Court.

Thanks,

Joe

**Joseph P. Roddy** | *Partner*
**P** 312-840-7033 | **F** 312-840-7900 | JRoddy@burkelaw.com | www.burkelaw.com
**Burke, Warren, MacKay & Serritella, P.C.** 330 N Wabash Ave, Suite 2100, Chicago IL 60611

*Effective January 1, 2024, the Corporate Transparency Act (CTA) will require many legal entities to file certain*
*information with the Financial Crimes Enforcement Network (FinCEN). Please contact your Burke Warren attorney to*
*discuss your compliance obligations.*

---

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Friday, October 25, 2024 2:35 PM
**To:** Kevin P. McKeown <KMcKeown@hlerk.com>
**Cc:** Jason T. Manning <JManning@hlerk.com>; Herzig, Aaron M. <aherzig@taftlaw.com>; Joseph P. Roddy <JRoddy@burkelaw.com>
**Subject:** RE: Lakeisha Stone v. North Lawndale College Prep High School, et al., Case No. 2024 L 006012, Circuit Court of Cook County, Law Division

You don't often get email from bmorrell@taftlaw.com. Learn why this is important
**[EXTERNAL]**

**Benjamin S. Morrell**
Attorney
BMorrell@taftlaw.com
**Dir:** 312.840.4489
**Tel:** 312.527.4000   |   **Fax:** 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208

**taftlaw.com**