**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAKEISHA STONE,<br><br>  Plaintiff,<br><br>v.<br><br>NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL; BOARD OF DIRECTORS OF NORTH LAWNDALE COLLEGE PREPARATORY CHARTER HIGH SCHOOL; JENNA CUNNINGHAM-ELDER, in her Ind Capacity as Chief Executive Officer; ERIN SIMUNOVIC, in her Ind Capacity as CEO; GARLAND LOUIS THOMAS-McDADE, in his Ind Capacity as Board Member; BRUCE MILLER, in his Ind Capacity as Board Member; ALLEN BENNETT, in his Ind Capacity as Board Member; ROBIN STEANS, in her Ind Capacity as Board Member; JIM MINIS, in his Ind Capacity as Board Member; DR. KIM HINTON, in her Ind Capacity as Board Member; WILONDA CANNON, in her Ind Capacity as Board Member; CARRIE STEWART, in her Ind Capacity as Board Member; PAYCOR, INC.; and THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,<br><br>  Defendants. | Case No. 1:24-cv-11350<br><br>District Judge Coleman<br><br>Magistrate Judge Valdez |

**DEFENDANT PAYCOR, INC.'S MOTION TO SET BRIEFING SCHEDULE**

Today is the deadline for Plaintiff to file a response to Defendant Paycor's pending motion to dismiss the Second Amended Complaint. (D.E. 20; *see* D.E. 29.) Yesterday, Plaintiff filed a

notice of voluntary dismissal of Count IX (the only federal claim in this case) and, in that same document, requested that the Court remand this case to the state court from which it was removed. (D.E. 30; *see* D.E. 1.) Plaintiff also filed a separate motion to stay her deadline to respond to Paycor's motion to dismiss until after the Court rules on her remand request. (D.E. 31.) She then filed a notice of motion noticing both filings for presentment on March 11, 2025.[1] (D.E. 32.) Plaintiff did not confer with counsel for Paycor before filing these documents. (*See* D.E. 31 at 2.)

Paycor notes that Plaintiff included her request for remand in her notice of voluntary dismissal and not in a separate motion, and submits that Plaintiff should be required to file a separate motion seeking the relief she requests. Paycor opposes Plaintiff's request to remand and wishes to file a full response in opposition. Paycor therefore requests that the Court strike the presentment date of March 11 for Plaintiff's request to remand and issue a briefing schedule. Paycor respectfully submits the following proposed schedule:

- Deadline for Plaintiff to file a separate motion to remand: March 10, 2025.

- Deadline for Paycor's response to Plaintiff's motion to remand: March 31, 2025.

- Deadline for Plaintiff's reply brief, if any: April 14, 2025.

Paycor also opposes Plaintiff's motion to stay the deadline for her to respond to Paycor's pending motion to dismiss, as well as her "alternative" request for "an additional 21 days after the Court rules on remanding the case to the state court, if necessary, to file the Response to the Motion to Dismiss the Second Amended Complaint." (D.E. 31 at 2.) Plaintiff received two extensions of her deadline to respond to Paycor's first motion to dismiss, and then—at the last minute and

---

[1] The Court subsequently struck the March 11 presentment date for Plaintiff's motion to stay her deadline for responding to Paycor's motion to dismiss, and rescheduled it for March 7. (D.E. 33.) But this did not affect the March 11 presentment date for Plaintiff's request for remand.

without prior notice to Paycor—sought leave to amend rather than file a substantive response. (D.E. 19; *see* D.E. 11; D.E. 13; D.E. 17.) After that, she had 21 days to respond to Paycor's second motion to dismiss, but has not done so. (D.E. 20.) The time has come for Plaintiff to address the merits of Paycor's arguments that her claims against Paycor are legally insufficient and that Paycor, a third-party payroll processor, does not belong in this lawsuit brought by a teacher against the school that employed her.

On March 3, 2025, counsel for Paycor conferred with Plaintiff's counsel via email as to this motion. Plaintiff's counsel stated that Plaintiff opposes this motion.

For the reasons discussed above, the Court should grant Paycor's motion, strike the pre-sentment date for Plaintiff's request to remand, and issue the briefing schedule described above.

Date: March 3, 2025                                 Respectfully Submitted,

PAYCOR, INC.

/s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Paycor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Jason T. Manning
Kevin P. McKeown
HODGES, LOIZZI, EISENHAMMER, RODICK & KOHN LLP
500 Park Boulevard, Suite 1000
Itasca, IL 60143
Tel.: (847) 670-9000
Fax: (847) 670-7334
jmanning@hlerk.com
kmckeown@hlerk.com
*Counsel for NLCP, the Board of NLCP, and the individual Defendants*

Date: March 3, 2025

/s/ *Benjamin S. Morrell*